# CASES DETERMINED

IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT THE AUGUST TERM THEREOF, HELD AT CHARLES-
TOWN, IN THE COUNTY OF JEFFERSON, COMMENC-
ING ON THE SIXTH DAY OF AUGUST, 1879,
AND ENDING ON THE TWENTY-THIRD
DAY OF AUGUST, 1879.

## GRANTHAM v. LUCAS, TRUSTEE, et al.

Decided August 23, 1879.

(Absent GREEN, PRESIDENT.)

1. Pending a chancery suit to subject the debtor's real estate to the discharge of liens upon it, the Court has a discretion to sequester the rents and profits of such real estate and appoint a receiver for the same, which discretion is reviewable in the Appellate Court.

2. But the appointment of a receiver in such case may be dispensed with, if the debtor gives security to account for the rents and profits, in case there should be a deficiency upon a sale of the premises under the decree.

1879
August Term

| 15 | 425 |
| 58 | 429 |

54

1879
August Term.

Grantham
v.
Lucas, Trustee
et al.

3. But if the debtor does not ask the court for permission to give such bond, it is not error to decree the appointment of the receiver.

4. Where the bill alleges that the debtor has no personal property, and that fact is not controverted by the answer, and the cause has been referred to a commissioner to report the liens upon the real estate of the debtor and their priorities, and to ascertain what real estate the debtor owns, and the value thereof, and report is made in the cause showing the value of the real estate and the amount of liens thereon, and no exception is made to the report as to the value of the real estate as therein ascertained, and the report is excepted to, because further credits are claimed by the debtor, not allowed by the commissioner, and it appears from the report that, if the credits were allowed, the liens would still exceed the value of the property, and it appears that the debtor has not sufficient personal property to cover the deficiency, as appears in the circumstances of this case, although the report is not confirmed, the court may properly appoint a receiver to take charge of the estate, to receive the rents and profits, and if the debtor is in possession of any part of the land, to rent the same and receive the rents and profits thereof.

5. Unless such receiver is the sheriff of the county, he should of course be required to give proper bond and security.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Jefferson, rendered on the 16th day of November, 1875, in a cause in said court then pending, wherein William J. Grantham was plaintiff and Daniel B. Lucas and others were defendants, allowed upon the petition of the said Grantham.

Hon. John Blair Hoge, judge of the third judicial circuit, rendered the decree appealed from.

JOHNSON, JUDGE, furnishes the following statement of the case:

At rules in May, 1871, Grantham filed his bill in the circuit court of Jefferson county, complaining that it was inequitable to sell his property to pay certain debts secured by certain trust deeds, for the reasons set out in the bill; and also that the trustee in said deeds, the defendant Lucas, had not advertised the property according to law. The prayer of the bill was, among other

things, that the trustee be enjoined from selling the the property under the trust.

The injunction was granted, according to the prayer of the bill.

At September rules, 1871, A. W. McCleary, a judgment creditor of said Grantham, filed his bill in the same court against the same defendants, in which he alleged the recovery of his judgment, the issuing of an execution thereon, the return of "no property" and that the defendant Grantham had not since the return of the said execution been the owner of any personal property, and that there were numerous other judgment liens against Grantham's real estate. The bill charges, that if the sale of the real estate is made before the amount and priorities of liens are ascertained, and while the title to a part of the real estate is clouded, as he alleges it to be, that the property would be sacrificed, and the judgment creditors would be left unpaid; but on the contrary, if the sale was postponed until the liens and priorities could be ascertained and the cloud removed from the title, that complainant believed that the entire real estate of the said Grantham would sell for sufficient to pay all the liens thereon. He prayed an injunction to the sale, a convention of the creditors before a master and the liens and their priorities ascertained that the property might be sold by a special commissioner, &c. The injunction was granted as prayed. The bill was answered; and on the 19th day of September, 1871, a decree was entered, in substance as follows: "By consent of parties by their attorneys, it is adjudged, ordered and decreed, that the injunction heretofore granted in this cause be and the same is dissolved, but upon the following terms and conditions, to-wit: That the said trustee shall not advertise or take any steps to sell the property in said bill mentioned until the 1st day of January, 1872, or as soon thereafter as practicable, when the said trustee shall proceed to advertise and sell said property, unless in the meantime the said Wm. J. Grantham shall relieve

1879
August Term.

Gxantham
v.
Lucas, Trustee
et al.

1879
August Term.

Grantham
v.
Lucas, Trustee
et al.

the said defendants secured in the deed of May 2, 1869, by paying off the debts in which they are securities for the said Wm. J. Grantham, including the debt due to Jno. Thomas Gibson on which judgment was obtained at this term of the court. It is further ordered that the said Wm. J. Grantham shall endorse the policy of insurance on said property for the benefit of the *cestuis que trust* in said deed of May 2, 1869, and that this cause be referred to a master commissioner of this court, to ascertain the liens on said property, their amounts and priorities, and make his report to the next term of this court. Consented to."

The decree is signed by counsel for all the parties.

The cause was referred to commissioner Cleon Moore. On the 23d of March, 1874, he made his report, which was excepted to by counsel for Grantham. The two causes were consolidated; and on the 23d day of April, 1874, the exceptions to commissioner Moore's report were sustained, and the report recommitted to him. On the 6th day of October, 1874, commissioner Moore filed his second report, to which Grantham, by counsel, again excepted for various reasons. On the 23d of April, 1875, the defendant, Grantham, filed his answer to the bill of A. W. McCleary, in which he admitted a large amount of indebtedness, admitted the issuing of the execution and the return of " no property," and did not controvert the charge in the bill that he has no personal property. On the 28th day of April, 1875, the causes were further heard upon papers formerly read &c. and on the exceptions to the commissioner's report; and the causes were again recommitted to commissioner Moore, with the additional instruction to ascertain and report what real estate he owned and the value thereof.

The report of the commissioner was made on the 11th day of October, 1875, and showed the total liens and interest thereon at that date against his real estate to amount to $12,547.24, and total value of all the land $10,710.00. The second report showed the liens to be $12,957.74. In the first report the liens reported were

1879
August Term.

Grantham
v.
Lucas, Trustee
et al.

$12,636.92. To the last report, as well as to the other two, exceptions were endorsed by the counsel of Grantham. In the exceptions to the last report the defendant, Grantham, claimed that he should have further credits to the amount of $853.93. If these further credits were allowed, the liens would still exceed the value of the real estate at the date of the report by $983.31.

By a decree entered in the causes on the 16th day of November, 1875, the court sustained the first, second and fifth exceptions, and overruled the third and fourth. The first, second, third and fourth related to further credits claimed; and the fifth to the failure of the commissioner to state that certain debts were liens only on a certain tract of defendant's land, &c. The sixth and last exception, which objected to the classification of the liens, was not decided upon, but was left for re-examination and correction by the commissioner. The causes were recommitted to the commissioner with instruction to allow the credits claimed, to the amount of about $600.00, and to take further proof as to the other credits claimed; and also to " receive proof of all credits shown to exist on any of the claims audited." The decree also required other proper things to be done before a decree of sale should be rendered. By said decree, it was further " adjudged, ordered and decreed, that the rents and profits of the real estate of the defendant, William J. Grantham, be and the same are hereby sequestered, and the tenants thereon, if any, directed to account to the sheriff of the county for any rents now due, or to become due thereon, on any lease made since the return of the first report in these causes, or either of them, or under any holding over since such report was returned under any lease prior to the return of such report; and that said sheriff do proceed to rent said real estate publicly in front of the court-house, after giving four weeks notice of the time, place and terms, in some newspaper published in the county, for the term of one year at a time until the further order of the court, with right to the waygow-

1879
August Term.

Grantham
v.
Lucas, Trustee
et al.

ing crops, upon the terms of one-half in six months, and the residue in twelve months, the renter giving bond with good personal security; and report to the next term." From this decree the defendant, Grantham, appealed.

*W. H. Travers and Isaac Fouke*, for appellant, cited the following authorities:

Acts 1872-3, ch. 17, §1, clause 7; 7 W. Va. 559; 11 W. Va. 146; *Id.* 113; *Id.* 122.

*Daniel B. Lucas*, for appellees, cited the following authorities:

1 Gratt. 289; 1 Beav. 520, 524; 2 Daniel Ch. Pr. 1713, 1715, 1737; 28 Gratt. 144, 152; 2 Daniel Ch. Pr. 973; 9 W. Va. 695.

*Joseph Trapnell*, for appellees, cited the following authorities :

2 Daniel Ch. Pr. 1715; *Id.* 1718; 28 Gratt. 144; 23 Gratt. 835; Daniel Ch. Pr. 973; 4 Paige 574; 6 Gratt. 44; 11 W. Va. 122; *Id.* 146.

JOHNSON, JUDGE, delivered the opinion of the Court :

It is contended by counsel for appellant, that it was error to sequester the rents and profits of the real estate of the defendant, until the amount of the liens and their priorities were ascertained ; and the case of *Hollingsworth* v. *Brooks*, 7 W. Va. 559 is cited to sustain their position. That cause has no application here, it being unlike this. The decree in the cause now before the court was not rendered for the purpose of enforcing the liens, but to preserve the estate pending the litigation. . If it was a case of that kind, there was no error of which the appellant could complain, as he had *consented* to a decree to *sell* the property at a time specified therein, if he should not before that time pay certain debts secured by deed of trust, which debts he had failed to pay.

The question arising upon the record and presented in

1879
August Term.

Grantham
v.
Lucas, Trustee
et al.

the assignment of error is, whether pending a chancery suit to enforce liens upon real estate, the court may sequester the rents and profits thereof. We do not in this cause propose to go into the general powers of a chancery court to appoint receivers, but we think it is settled that pending a chancery suit to subject the debtor's real estate to the discharge of liens upon it, the court has a discretion to sequester the rents and profits of such real estate, and appoint a receiver for the same, which discretion is reviewable in an Appellate Court. But the appointment of a receiver in such case may be dispensed with, if the debtor gives security, as the court shall direct, to account for the rents and profits, in case there should be a deficiency upon the sale of the premises under the decree. But if the debtor does not ask the court for permission to give such bond, it is not error to decree the appointment of the receiver. If the bond is given, of course no receiver will be appointed, and the debtor will be entitled to retain the possession of the property, and to receive the rents and profits from his lessees. Where the bill alleges that the debtor has no personal property, and that fact is not controverted by the answer, and the cause has been referred to a commissioner to report the liens upon the real estate of the debtor and their priorities, and to ascertain what real estate the debtor owns and the value thereof, and a report is made in the cause, showing the value of the real estate and the amount of liens thereon, and no exception is made to the report, as to the value of the real estate, as therein ascertained, and the report is excepted to because further credits are claimed by the debtor not allowed by the commissioner, and it appears from the report, that if the credits were allowed the liens would still exceed the value of the property, and it appears that the debtor has not sufficient personal property to cover the deficiency, (which facts all appear in this cause) although the report is not confirmed, the court may properly appoint a receiver to take charge of the estate, to receive the rents

Syllabus 1.

Syllabus 2.

Syllabus 3.

Syllabus 4.

1879
August Term.

Grantham
v.
Lucas, Trustee
et al.

Syllabus 5.

and profits from the lessees then in possession, and if the debtor is in possession of any part of the land, to rent the same and receive the rents and profits thereof, to have the same forthcoming when so ordered by the court. Whether it is necessary that it should affirmatively appear upon the record before a court, *pendente lite*, will sequester the rents and profits of the real estate, that the debtor has not sufficient personal property to supply any deficiency of the real estate at the sale to pay the liens, is not decided in this cause. It appears in this cause that the defendant had no personal property. Unless the receiver is the sheriff of the county, he should of course be required to give proper bond and security. In this cause the decree required the sheriff of the county to rent the premises and receive the rents and profits; and under our statute no additional bond is required of him. On this subject see *Verplank* v. *Caines*, 1 Johns. Ch. 57 ; 2 Danl. Ch. Pr. 1715, 1737 ; *Bloodgood* v. *Clarke et al.*, 4 Paige 574; *Bank of Ogdensburg* v. *Arnold*, 5 Paige 38; *Sea Insurance Co.* v. *Stebbins et al.*, 8 Paige 565 ; *Quincy* v. *Cheeseman*, 4 Sandf. 433 ; *Willis* v. *Corlies*, 2 Ed. Ch. 281 ; *Smith* v. *Butcher*, 28 Gratt. 144.

There are two ways of enforcing judgment liens, either by renting the property where the rents and profits will pay the liens charged upon the real estate within a reasonable time, or by selling the real estate ; and whether the lien is enforced in the one way or the other, the court should act with fairness and prudence and with a just regard for the interest of all the parties interested, whether they be debtors or creditors. The court in enforcing the lien of a judgment in either of the modes prescribed, *pendente lite*, will not take the property out of the possession of the debtor, unless it is necessary to preserve the rents and profits to meet a deficiency at the sale. When it appears to be necessary to sequester the rents and profits to meet such deficiency, justice to the creditors requires that the property should be taken out of the debtor's possession, and the rents and profits sequestered.

For the foregoing reasons the decree of the 16th day of November, 1875, is affirmed with $30.00 damages and costs.

1879
August Term.

Grantham
v.
Lucas. Trustee
*et al.*

JUDGES HAYMOND AND MOORE CONCURRED.

DECREE AFFIRMED.