# WHEELING.

## BEARD *v.* ARBUCKLE *et al.*

Submitted January 19, 1880. Decided December 10, 1881.

*(PATTON, Judge, Absent.)*

1. In a proper case, a circuit court, to preserve the rents and profits of real estate, the sale of which is superseded, may upon the petition of the creditors appoint a receiver, notwithstanding the case is pending in the Supreme Court of Appeals upon a *supersedeas.*

---

*Submitted before JUDGE P. took his seat on the bench.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Greenbrier, rendered on the 22d day of November, 1878, in a cause in which Hannah R. Beard was plaintiff, and Matthew Arbuckle and others were defendants, allowed upon the petition of said Arbuckle.

Hon. Homer A. Holt, judge of the eighth judicial circuit, rendered the decree appealed from.

The facts of the case appear in the opinion of the Court.

*Dennis & Dennis* for appellant.

*Mathews & Mathews* for appellees.

JOHNSON, PRESIDENT, announced the opinion of the Court :

After the decrees rendered in the original cause *supra* had been appealed from, and an appeal and *supersedeas* to said decrees had been granted by this Court, the creditors of the defendant, Arbuckle, filed their petition in the circuit court of Greenbrier county, in which petition ample grounds are alleged to justify the appointment of a receiver, to take charge of and rent the lands and collect the rents and profits for the benefit of the creditors, pending the litigation. The petition alleges the insolvency of the said defendant, that he has no personal property, and that the real estate is wholly insufficient to discharge the liens thereon, and prays that said Arbuckle may be removed or discharged from his position as nominal receiver in the cause, that a receiver may be appointed in his stead, who shall be required to execute a proper bond with good security, &c., and that he may be directed to take immediate possession of all said lands &c.

The defendant, Arbuckle, in his answer to the petition did not controvert the allegation of his insolvency nor deny, that the lands were insufficient to discharge the liens ascertained, nor that he had no personal property ; but did say : "If the liens against his lands are properly ascertained and the account against him properly stated, his lands, if sold for their real value, will be amply sufficient to pay his debts." He resists the appointment of a receiver, on the ground that the cause was pending in the Court of Appeals, and all the decrees in the cause had been superseded, and therefore the circuit court

could not appoint a receiver to take charge of the property.

On the 22d day of November, 1878, the said petition was heard with the answers and affidavits filed; and the court decided, "that although this cause is now pending in the Court of Appeals, it is not so entirely removed from this court as to prevent the court from taking such steps to preserve the property, which is therein sought to be subjected to the payment of the debts of said Arbuckle, and to make it productive, so far as may be for the benefit of the said creditors, while said litigation is pending. And the court is further of opinion, that said property for said purposes should be put into the hands of some proper and disinterested person as receiver, who shall give bond with security for the faithful discharge of his duty; and it is therefore adjudged, ordered and decreed, that the defendant, Mathew Arbuckle, who was appointed receiver without any bond being required by the decree entered on the 25th day of June, 1877, be and he is hereby removed and discharged from said position as receiver, and James Knight be and he is hereby appointed a special receiver in this cause, with instructions to take immediate possession and control of all of the lands of the said Arbuckle, which were directed to be re-sold by the decree entered in this cause on the 25th day of June, 1877, except the tract of seventy-three and one half acres laid down in the plat by surveyor Bright in this suit as lot No. 1, and known as the "Price place, or tract," where the said Arbuckle now resides, the petitioners consenting that he may continue for the present in possession thereof." He was by said order directed to rent all said land, &c. But before entering upon the discharge of his duties under said decree he was required to execute a proper bond in the penalty of $2,000.00.

From and to this decree an appeal and *supersedeas* was granted by this Court on the 7th day of December, 1878.

Could the court, while the cause was here pending upon an appeal and *supersedeas* to the decrees entered therein, enter a decree appointing a receiver to preserve the rents and profits for the creditors upon their petition? Before the appeal and *supersedeas* were taken, under the facts and circumstances of this case there could be no doubt of the right

of the court, pending the litigation, to sequester the rents and profits of the lands in the possession of the debtor. *Grantham* v. *Lucas, trustee*, 15 W. Va. 425. Could the receiver be appointed pending the appeal and *supersedeas*? In *Spring et al.* v. *S. C. Ins. Co.*, 6 Wheat 519, it was held, that in an equity cause the *res* in litigation may be sold by order of the circuit court, and the proceeds invested in stock notwithstanding the pendency of an appeal to the Supreme Court. See *Cole's adm'r* v. *McRae*, 6 Rand. 644. In *Moran* v. *Johnston et al.*, 26 Gratt. 108, it was held, that after a decree for the sale of real estate to satisfy creditors having liens thereon and an appeal from that decree by the debtor the court below, in which the suit was pending, may appoint a receiver to take possession of the property and rent it out and collect the rents until the further order of the court. *James River and Kanawha Co.* v. *Littlejohn*, 18 Gratt. 53.

In none of these cases, as far as we can see, was the decree in the court below superseded; but it seems to us, that that fact can make no difference. It is true, the execution of the decree is superseded, but the right of the court below to preserve the property on the petition of the creditors, so that it may be forthcoming to answer their demands, is not taken away. The *supersedeas* operates upon nothing that is not necessarily involved in the decree superseded. Here the liens had been ascertained and also the lands, on which they were charged; and a sale of the lands had been decreed to discharge or pay the liens. If under these circumstances, when it appears to the court, that to protect the rights of the creditors it is necessary to appoint a receiver and sequester the rents and profits, the court had no power to make such appointment, the debtor would reap great advantage by the delay. It would under these circumstances be to the interest of an insolvent debtor to prolong the litigation as much as possible, as all that time he would enjoy the rents and profits of the land, which ought in justice to be appropriated to the payment of his debts. We think there is nothing in any of the decrees, which were superseded, that directly or indirectly involves the sequestration of the rents and profits, pending the litigation, and upon the petition of the creditors. The court was asked to do something in the cause not involved in any of

the decrees theretofore rendered. It was entirely independent of them, or any of them. Entirely new evidence might have been heard upon the petition, which could not be heard in this Court, therefore it would not be proper for this Court, pending the appeal and *supersedeas*, to appoint a receiver; and if such appointment could not be made by the circuit court, there might be a denial of justice.

But it is insisted by appellant's counsel, that the appointment of the receiver was improper, because the supersedeas-bond executed by the appellant covered the rents and profits. If this is true, it would have been improper for the court below after the execution of said bond to appoint a receiver; because this court has held, that the appointment of a receiver might be dispensed with, if the debtor gives security to account for the rents and profits, in case there should be a deficiency upon a sale of the property under the decree. *Grantham* v. *Lucas, trustee,* 15 W. Va. 428. It would be harsh to require a debtor, before he could have the decree of sale reviewed and the sale suspended, to give a bond to secure the rents and profits, and then, pending his appeal and *supersedeas*, permit the circuit court to take the property out of his possession and put it in the hands of a receiver. But the supersedeas-bond does not cover the rents and profits of the lands in the possession of the debtor. The Virginia statute as to the supersedeas-bond is precisely like ours; and the Court of Appeals of Virginia in *Cardwell* v. *Allen, trustee,* 28 Gratt. 184, has construed the Virginia statute and held, that the supersedeas-bond in such a case does not cover the rents and profits of the lands in possession of the debtor. This decision we approve for the reasons stated by Judge Moncure, who delivered the opinion of the court in that case.

But it is claimed, that by the decree of June 25, 1877, the defendant, Arbuckle, was appointed receiver to take charge of the estate, and that the whole of that decree was superseded, and pending the *supersedeas* the circuit court could not remove him and appoint another. If this were true in fact, it would present some difficulty. But is it true? The language of the decree is, "and Mathew Arbuckle is hereby directed as special receiver of this court to take possession of said lands directed to be re-sold, and take care of same; and he is directed not to

graze said lands or to permit it to be done by others." This is a mere direction to the defendant, Arbuckle, who is already in possession of the lands, to take care of them, not to graze them himself, and and not to permit others to do it. No bond is required ; he is not required to account for the rents and profits; he is just permitted to remain, where he was before, without any additional legal obligation upon him. He could not be and was not made a receiver by such a decree. That part of the decree is nugatory. We think the court had the right, and in this case properly exercised it, pending the appeal and *supersedeas*, to appoint a receiver to take charge of said lands.

For the said reasons the decree entered upon the hearing of said petition, on the 22d day of November, 1878, is affirmed with costs and $30.00 damages.

Judge Haymond concurred ; and Green, J., concurred in the points adjudicated and the conclusions reached but and is not prepared to say whether the supersedeas-bond covers the rents and profits or not, not deeming it necessary to decide that question ; but he is of opinion, that if the supersedeas-bond does cover the rents and profits, the circuit court, notwithstanding the pending of the appeal and *supersedeas* in this Court, had the right to appoint a receiver. Whether it should exercise that right would depend largely upon the circumstances of the particular case. It might exercise it at the instance of the surety in the supersedeas-bond, if he was bound for the rents, or at the instance of the creditors if for any reason they were not amply secured by the supersedeas-bond.

DECREE AFFIRMED.