# WHEELING.

## OGDEN *v.* CHALFANT.

### *(GREEN, JUDGE, absent.)

Submitted June 20, 1889.—Decided June 26, 1889.

32 559
52 354

32 559
59 405

1. RECEIVERS.
   In a suit pending to subject lands to the payment of liens thereon the court in a proper case may appoint a receiver to take charge of the lands and rent the same, until a sale can be made.

2. RECEIVERS.
   A receiver may be appointed in such case, whenever it is shown in any proper manner, that the debtor is insolvent, or that the lands are likely to prove insufficient to satisfy the undisputed or ascertained liens thereon.

3. RECEIVERS--NOTICE.
   Where the motion is made in term-time in a pending suit, no notice to the debtor is necessary.

*J. P. Clifford* for appellants.

*J. Bassell* for appellee.

---

*On account of illness.

Snyder, President:

Suit brought by Selden M. Ogden against John Chalfant and others, in the Circuit Court of Harrison county. The suit was originally to enforce the lien of the plaintiff's judgment against the real estate of the defendant John Chalfant, but, it appearing from the bill, that there were other liens upon said real estate, an order was made referring the cause to a commissioner, with directions to convene all the lien-creditors by publication and to ascertain, and report all the liens on said real estate together with their amounts and priorities, and thus the suit was converted into a general creditors' suit and thereafter was prosecuted as such.

The bill alleges, that the said Chalfant has no personal estate, and the commissioner convened all the lien-creditors and reported a large number of debts amounting to over $20,000.00 as liens upon said real estate. This report was recommitted, and a second report made by the commissioner showing an increased amount of liens; and by an order made May 30, 1887, the court again recommitted the report. A. P. Sturm, a judgment-creditor of said Chalfant, whose debt appears in said report, gave written notice to Chalfant, that he would move the court on May 25, 1887, to appoint a receiver to rent a part of the lands mentioned in the bill and proceedings, and filed in the cause an affidavit of the insolvency of said Chalfant. Two affidavits were filed by said Chalfant, in one of which it is stated, that he had leased eighty six acres of said land to Solomon H. Chalfant for the season of 1887, and in the other it was stated, that lands in the hands of tenants generally deteriorate and become less salable. On June 2, 1887, the court made an order in the cause, appointing the sheriff of the county a special receiver to take charge of a part of said lands and rent the same until March 1, 1888, but ordered the receiver not to take possession of the eighty six acres of land, which had been rented, until the term of the tenant should expire.

It is from this order that the defendant John Chalfant and the said Solomon H. Chalfant have obtained this appeal.

It is assigned as error, that the court had not sufficient *data*, upon which to base an order appointing a receiver. Pending a suit to subject a debtor's real estate to the payment

of liens upon it, the court may sequester the rents and profits of such real estate, and appoint a receiver for that purpose, whenever it appears, that the debtor is insolvent. *Grantham* v. *Lucas*, 15 W. Va. 425; *Beard* v. *Arbuckle*, 19 W. Va. 145. In this case the bill alleged that the debtor had no personal estate; and there was an affidavit, that he was insolvent. These facts are not only not contradicted, but they are virtually admitted; and besides, the whole proceedings in the cause show, that this was a cause, in which it was eminently proper for the court to take charge of the lands and rent them, until a sale could be had. There seems to have been much delay and difficulty in ascertaining and adjusting the numerous liens upon the lands. Two reports had been made, and the court found it necessary to order a third report. It is not essential, that there should be a report of the value of the lands or the amount of all the liens, in order to warrant the court in sequestering the property. Whenever it is shown in any proper manner, whether by the report of a commissioner or other sufficient proof, that the debtor is insolvent, or that the lands are likely to prove insufficient to pay off the undisputed or ascertained liens thereon, any lien-creditor, who is a party to the proceeding, is entitled to have the lands sequestered, until a sale thereof can be made. In this case all these requisites appeared, and therefore there were sufficient *data* for the appointment of a receiver.

It is further claimed, that A. P. Sturm, on whose motion the receiver was appointed, was not a party to the suit; and that therefore he was not entitled to make said motion. While Sturm was not made a formal party to the bill, he was in fact a party to the suit. He was one of the creditors convened, and the report of the commissioner showed, that he filed in the cause a large judgment in his favor against the debtor John Chalfant. This under the repeated decisions of this Court made him a party to the suit. *Neely* v. *Jones*, 16 W. Va. 625; *Arnold* v. *Casner*, 22 W. Va. 444.

It is also insisted for the appellants, that the notice was irregular and insufficient. The order appointing the receiver was made in a pending suit fully matured for hearing; and, as the parties were already in court, no notice was necessary. In *Grantham* v. *Lucas*, and *Beard* v. *Arbuckle*, *supra*, there

71

was no notice of the motion, and I have been unable to find any case, in which notice of the motion was required. It therefore follows, that no injury could have resulted to the appellants from the defects in the notice, because no notice was required.

I have now considered all the errors assigned, and for the reasons stated none of them are tenable. The decree of the Circuit Court is affirmed.

AFFIRMED.