### Edwin Hancock v. American Bonding & Trust Co.

1. RECEIVER—*When to be Appointed.*—As a general rule a receiver should never be appointed unless it is apparent from the showing made that there is danger of the property which is the subject of the litigation being dissipated or placed beyond the jurisdiction of the court, or in some way involved by transfers or conveyances, or of its being subjected to other claims so as as to render it more difficult for the court to give and enforce the final relief to which the complainant may be found to be entitled.

2. SAME—*Appointment of—Notice—Practice.*—The objection that a receiver has been appointed without notice is not tenable where the defendant upon his motion to discharge the receiver before an appeal

has had a hearing which served all the purposes of a notice in the first instance.

3. Same—*Fraud and Disregard of an Injunction.*—Fraud, or an effort to violate or disregard the injunction of the court, is ground for the appointment of a receiver.

Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed January 18, 1900. Rehearing denied.

Gilbert & Fell, attorneys for appellant.

Pam, Calhoun & Glennon, attorneys for appellee.

Mr. Justice Windes delivered the opinion of the court.

Appellant has prosecuted this appeal from an order of the Circuit Court extending a receivership to certain real estate described in a supplemental bill and the rents thereof. The original bill was filed in the case February 8, 1899, by appellee, on which, after being amended, a receiver was appointed February 18, 1899, of certain mortgage bonds of the Merrimac Building Co., owned by Harriet A. Roberts, and directing the receiver to take possession of said bonds, and also directing Roberts to turn over the bonds to the receiver. She prosecuted an appeal from the original order appointing the receiver for the bonds to this court, which resulted, after a hearing before the Branch Appellate Court of this district, in an affirmance, July 11, 1899, of the order. (83 Ill. App. 463.) We refer to the opinion of Mr. Justice Shepard in that case for a statement of the matters alleged in the original bill and amendment. October 11, 1899, appellee filed its supplemental bill, which is sworn to, and alleges in substance, among other things not necessary to be stated, that said Roberts and other defendants in the original bill were, by order of said Circuit Court entered February 8, 1899, and served upon them the same day, enjoined from selling, assigning, conveying, disposing of, or in any way changing the status of said bonds, directly or indirectly; that Roberts violated the injunction by causing certain of the bonds or the proceeds thereof in her possession or in the possession

of Edwin Hancock (the appellant herein) for her use and
benefit to be exchanged for the real estate to which the
receivership is extended by the order from which this appeal
is prosecuted; that she and Hancock had full notice of the
injunction and made such exchange for the purpose of vio-
lating the terms of the injunction; that said real estate was
conveyed to Hancock in exchange for said bonds, or the
proceeds of certain of said bonds, which Roberts had prior
thereto disposed of, which said bonds or proceeds were at
the time held by said Roberts, or by Hancock for her sole
use and benefit; that the conveyance and exchange was
made by the direction of Roberts and the title of the real
estate was placed in the name of Hancock in trust for the
sole use and benefit of Roberts, and for the purpose of
making said transaction appear *bona fide* and hindering and
delaying appellee, and in violation of the terms of the
injunction; that Hancock afterward executed certain trust
deeds (describing them) on said real estate, with full knowl-
edge of appellee's rights in the bonds for the purpose of
further violating said injunction and hindering appellee in
the enforcement of its rights as set up in the bill; that Han-
cock has no right, title or interest in said real estate what-
soever, but holds the same wholly for the use and benefit
of Roberts; that the receiver has never been able to procure
the possession of said bonds or any of them, and that said
real estate so purchased by said bonds or the proceeds
thereof, stands in lieu of said bonds. Hancock and other
new parties are made defendants to the supplemental bill.
There is no allegation that Hancock is insolvent, a non-resi-
dent, nor that there is any difficulty in procuring service
of process upon him, though by affidavit attached to said
supplemental bill it appears that an attachment was issued
for said Roberts for failing to appear before the master in
chancery and submit to an examination touching the bonds,
and that she for five or six months after February 16, 1899,
willfully secreted and concealed herself so that neither proc-
ess of subpœna nor attachment could be served upon her.

Without notice to appellant, October 11, 1899, upon the
supplemental bill, the recommendation of the master, the

record and files in the cause and the evidence theretofore taken before the master to whom the cause was referred, the chancellor ordered that the receiver theretofore appointed be appointed receiver of said real estate and forthwith take possession of it, and proceed to rent the same and pay taxes, etc., thereon, and also that all persons in possession thereof forthwith attorn to the receiver and pay rent to it.

October 31, 1899, the motion of defendants to discharge the receiver was denied, and thereafter an appeal was taken from the order of October 11, 1899.

It is contended by appellant that the chancellor erred, first, in appointing the receiver without notice, and second, without any allegation that appellant was insolvent or a non-resident, or that service of notice or process on appellant could not be made.

The first contention is not tenable for the reason that appellant, upon his motion to discharge the receiver, made and heard before this appeal, has had a hearing which served all the purposes of a notice in the first instance. Brown v. Luehrs, 79 Ill. 581; O'Kane v. West E. D. G. Store, 72 Ill. App. 299; Cook Co. Brick Co. v. Kaehler, 83 Ill. App. 453.

Second. The lack of allegations in the supplemental bill that appellant was insolvent or non-resident, or that service of notice or process upon him could not be made, are not, in our opinion, sufficient reason for the reversal of the decree extending the receivership to the land. It may be that, strictly speaking, the rights of appellee might have been protected by the service of process of summons upon appellant, thus making a *lis pendens* as to any person to whom he might have conveyed the real estate thereafter; but inasmuch as we are to determine the question alone from the sworn allegations of the supplemental bill, which must be taken, for the purposes of this hearing, to be true, we are not prepared to hold that there was such abuse of discretion in the extension of the receivership to the land as would justify a reversal of the order in that regard. The general rule no doubt is, subject to few exceptions,

that a receiver should never be appointed unless it is apparent to the chancellor from the showing made that there is danger that the property which is the subject of the litigation is liable to be dissipated or placed beyond the jurisdiction of the court, or in some way involved by transfers or conveyances, or by its being subjected to other claims, so as to render it more difficult for the court to give and enforce the final relief to which the complainant may be found to be entitled.    We are of opinion that the facts shown in this record constitute an exception to the general rule.

Under the original bill the receiver was appointed for the purpose of and directed to take possession of the bonds above mentioned, and said Roberts, in whose possession the bonds were, was ordered to turn them over to the receiver, which she failed and refused to do, and persistently eluded for a long period the service of process of subpoena and attachment upon her, and in the meantime disposed of said bonds and exchanged the same, or the proceeds thereof, for the real estate in question, which she caused to be conveyed to appellant for her sole use and benefit.    It also appears from the allegations of the supplemental bill that appellant has no right, title or interest in said real estate, or any part thereof, and that the conveyance of the same to him was made for the purpose of violating the injunction which prohibited said Roberts from selling, assigning or disposing of said bonds, or in any way changing the status thereof, directly or indirectly, and, for the purpose of hindering and delaying appellee in the enforcement of its rights.    This being so, the real estate stands in lieu of the bonds for which the receiver had been appointed.    The order of appointment on appeal to this court has been affirmed, and its correctness is not now in question.    Appellant, as we have seen, took the conveyance of this real estate with notice of the injunction, for the purpose of violating it and hindering appellee from the enforcement of its rights, and in so doing, under the facts above stated, was guilty of a fraud.    At least, it is an attempt to defeat the process and orders of the court.    It was unnecessary under this state of

facts to allege that appellant was insolvent or a non-resident, or that service of notice or process could not be had upon him. He had no rights, and should not be permitted to thus assist said Roberts to evade the effect of and render nugatory the order of receivership as to the bonds. Fraud, or an effort to violate or disregard the injunction of the court, is ground for the appointment of a receiver. High on Receivers, Sec. 106; Brick Co. v. Robinson, 55 Md. 410-18; Latham v. Chafee, 7 Fed. Rep. 525-8; West v. Swan, 3 Ed. Ch. 420; Baker v. Backus, 32 Ill. 79-115.

The order of the Circuit Court is therefore affirmed.