# CHARLESTON.

DAVIDSON, ADMR., DAVIDSON et al.

Submitted March 15, 1910.   Decided January 23, 1912.

1.  RECEIVERS—*Suit for Appointment—Sufficiency of Pleading.*
    A bill for the appointment of a receiver to take charge of real estate and rent it, pending a creditor's suit by the administrator to sell it for the payment of decedent's debts, which fails to allege that the rents and profits, as well as the *corpus*, of the land are necessary to pay debts, and which fails to allege insolvency of the party in possession, is demurrable.   (p. 204).

2.  APPEAL AND ERROR—*Decisions Reviewable—Appointment of Receiver.*
    An interlocutory decree appointing a receiver to take charge of and rent real estate, is an appealable decree.   (p. 205).

Appeal from Circuit Court, Monroe County.

Bill in equity by W. A. Davidson, administrator, against George T. Davidson and others.   From a decree appointing a receiver, C. E. Lynch appeals.

*Reversed and Remanded.*

*Rowan & Meadows,* for appellant C. E. Lynch.

*Clark & Keadle,* for appellees W. A. Davidson and others.

*R. Kemp Morton,* for appellees Julia W. Davidson and others.


WILLIAMS, JUDGE:

This appeal is taken by C. E. Lynch from an order of the circuit court of Monroe county made on the 19th of April, 1909, appointing a receiver to take charge of, lease and collect the rents, issues and profits from the real estate of which C. H. Davidson died seized, pending a suit brought by his administrator against his heirs and creditors to subject the real estate to payment of debts, on the alleged ground that the personalty is not sufficient to pay same. Appellant is one of the creditors of said estate and, as such, is made a defendant to the bill.

Pending suit C. E. Lynch purchased a one-fifth undivided interest in both realty and personalty belonging to the estate. At the time of his purchase he was in possession of a large part of the real estate under a contract of lease from the administrator who was also one of the heirs at law. Lynch set up these facts by petition filed in the case. Plaintiff then filed an amended bill alleging "that there is danger of the loss or misappropriation of the rents and profits from the said lands, or a material part thereof," and prayed for the appointment of a receiver to take charge of the lands, with authority to rent same and collect and account for the rents and profits. Some of the other heirs who had answered the bill joined in the motion for a receiver. Lynch demurred to the amended bill and also answered, denying the allegation that there was danger of loss or misappropriation of assets, and averred his ability to account for the rents and profits, to those entitled to them. The amended bill was verified by the affidavits of plaintiff and S. S. Steele, and the answer of Lynch was verified by himself and by the affidavits of H. P. Tracy and L. E. Campbell. The motion was heard on no other proof, and a receiver appointed.

Even granting that the administrator, who has brought a creditors' suit, might, under certain circumstances, have a receiver for the real estate appointed, to protect the rights of creditors, a question which we do not decide, still the amended bill is bad for want of sufficient averments. It neither avers the insolvency of Lynch, or that the rents and profits, as well as the *corpus,* of the real estate, are necessary for the payment of decedent's debts, both of which must appear before the court can, in any event, sequester the rents and profits. But none of the creditors are asking for a receiver; and, if they were, the facts alleged do not show grounds for his appointment. The amended bill shows on its face that Lynch is rightfully in possession. It alleges that he is assignee of one of the heirs, which makes him a joint tenant having equal rights with his co-tenants to possession of the land. This is not a suit among co-tenants. Their rights are determinable at law.

The amended bill fails utterly to show any equitable grounds

for the appointment of a receiver. This case is controlled by the principles announced in *Sult.* v. *Hochstetter Oil Co.,* 63 W. Va. 318; *Wilson* v. *Maddox,* 46 W. Va. 641, and *Grantham* v. *Lucas,* 15 W. Va. 425.

Counsel for appellees insist that the order appointing a receiver was not appealable. But it has been too often decided by this Court to admit of doubt, that a decree or order of a court changing the possession of property, is appealable under clause 7, sec. 1, ch. 135, Code 1906. A decree appointing a receiver to take charge of real estate is certainly a decree changing the possession of such real estate. *Robrecht* v. *Robrecht,* 46 W. Va. 738; *Hutton* v. *Lockridge,* 27 W. Va. 428; *Whyel* v. *Coal & Coke Co.,* 67 W. Va. 651.

The decree appealed from appointing J. D. Beckett receiver will be reversed, and this Court will enter an order sustaining the demurrer to the amended bill and remanding the cause with leave to plaintiff to make such further amendment as he may be advised is necessary and proper, and for further proceedings to be had therein according to the rules and principles governing courts of equity.

*Reversed and Remanded.*