# CHARLESTON.

MOLLIE E. DURKIN DONOHOE v. J. W. McCOLLAM *et al.*

Submitted May 9, 1922.    Decided May 16, 1922.

1. VENDOR AND PURCHASER—*In suit to Enforce Vendor's Lien, Where Other Liens Exceed Land's Value, Receiver Should be Appointed.*

    In a suit to enforce a vendor's lien on real estate, where it appears that there are other liens thereon, which are undisputed and largely in excess of the value of the land, that the debtor is insolvent, and has departed out of the jurisdiction of the court, it is proper to appoint a receiver to take charge of and rent the property for the benefit of the creditors until a judicial sale thereof can be made.    (p. 223).

2.  RECEIVERS—*Notice of Motion for Appointment Made in Term
    Time is Unnecessary, Where Cause Has Fully Matured and
    Receiver was Prayed For.*

    It is not necessary to give notice of motion for appointment
    of a receiver made in term-time in a cause fully matured and
    ready for hearing where there is a proper pleading which
    prays for such appointment.     (p. 223).

3.  SAME.—*Generally, Want of Notice Will Not be Regarded as
    Material in Court of Appeals, Where There Was Full Hear-
    ing on Merits of Appointment Prior to Receiver's Qualifica-
    tion.*

    Generally, want of notice will not be regarded as material
    in the appellate court where it appears that the parties at the
    same term and before the receiver had qualified or taken any
    action as such, had a full hearing on the merits of the ap-
    pointment by way of motion to set aside the order of appoint-
    ment and to discharge the receiver.     (p. 223).

Appeal from Circuit Court, Randolph County.

Action by Mollie E. Durkin Donohoe against J. W. Mc-
Collam and others.     From a decree appointing a receiver
and from an order refusing to discharge him, the defendants
Daisy C. McCollam and another appeal.

*Affirmed.*

*A. M. Cunningham,* for appellants.
*W. B. & E. L. Maxwell* and *See & O'Connor,* for appellee.

LIVELY, JUDGE:

On November 3rd, 1921, the circuit court appointed a re-
ceiver to take charge of the subject matter   of the suit, a
house and lot in the City of Elkins, and afterwards on the
15th day of that month overruled a motion of appellants to
annul the order of November 3rd which appointed the re-
ceiver, refused to discharge the receiver, and referred the
cause to a commissioner for a report·  From the decree ap-
pointing the receiver, and from the order refusing to dis-
charge him, this appeal and supersedeas was awarded.

Plaintiff filed her bill at September Rules, 1921, to en-
force a vendor's lien of $2500.00 reserved by her in a deed
to J. W. McCollam and Daisy C. McCollam, dated August

18, 1920, by which she conveyed to them a house and lot in the City of Elkins for the sum of $3250.00 of which sum $750.00 had been paid.    Appellant, L. N. Wilmoth, endorsed the purchase money notes, and became liable for their payment.    Neither of the McCollams answered the bill. Wilmoth answered at September Rules, admitted as true the allegations of the bill, and set up the claim that he had furnished to the McCollams all of the $750.00 paid by them on the purchase, and asked to be subrogated to the rights of the McCollams to that extent, and admitted his liability as endorser on the purchase money notes.    The cause was matured for hearing and on November 3rd, 1921, the court then being in regular session, plaintiff presented and filed in the cause, in open court, a petition duly sworn to, in which she averred that the McCollams had deserted and vacated the dwelling house and lot, and had gone beyond the jurisdiction of the court and to parts unknown, that the property was idle and unoccupied, with no one to care for it, and liable to destruction by fire, and that the insurance company was about to cancel the fire insurance policy thereon because it was abandoned and vacant; that defendants were insolvent, and that it would be to the best interests of all concerned that the property, which had a rental value of $30.00 per month, should be taken care of and rented under the direction of the court until a sale could be made; and prayed for the appointment of a receiver for that purpose; and that Wilmoth who had the keys be required to turn them over to the receiver, and for general relief.    A receiver was thereupon appointed in accordance with the prayer of the petition.    On the 15th of November, Daisy McCollam and Wilmoth appeared in open court, by counsel, and moved the court to set aside the order appointing the receiver, on the ground that there was no pleading nor prayer in any pleading in the cause on which the rents of the property sought to be sold could be sequestered; that no notice of the motion to appoint a receiver had been given them; and that Wilmoth had rented the property from Daisy McCollam until the first day of May, 1922, and had paid her as

rentals the sum of $141.00 cash; and filed in support of the motion an agreement between them to that effect reciting payment of $141.00.     The court, after hearing argument, refused to annul the order appointing the receiver, refused to discharge the receiver, consolidated the cause with a creditor's suit against the McCollams then pending and matured, and referred the   cause to a commissioner to ascertain the liens in the order of their dignity and priority.

Was there a pleading on which the appointment of a receiver could be based?     This point is answered by an inspection of plaintiff's verified petition filed in open court after the cause had been matured, in which there is a specific prayer for the appointment of a receiver based on ample allegations of abandonment of the property, danger of loss by fire, removal of defendants to parts unknown, their insolvency, and insufficiency of the property to pay the un- questioned liens thereon.     Was the appointment void because of want of notice to defendants?     In a suit to subject land to payment of liens thereon, a receiver may be appointed whenever it is shown in any proper manner that the debtor is insolvent, and the land is likely to be insufficient to pay the undisputed liens thereon.     And where the motion is made in term time, where there is a proper pleading, no notice to the debtor is necessary. *Ogden* v. *Chalfant*, 32 W. Va. 559; *Batson* v. *Findley*, 52 W. Va. 343.     The appointment of a receiver is a harsh remedy, and the power to appoint should be exercised sparingly and cautiously, and notice should always be given if possible.     It is the better and safer practice to require that notice be given, if practicable.     But in this case the defendants who were entitled to possession were insolvent, had abandoned the property, and their whereabouts unknown.     It would be unreasonable to require notice under such circumstances.     But what harm has resulted for want of notice?     Before the receiver took any action under the decree, Daisy McCollam and Wilmoth appeared in open court, at the same term of court, and moved for the discharge of the receiver and cancellation of the decree.     A full hearing was had and the court sustain-

ed its order entered a few days before, which was equivalent to holding that upon full notice and hearing the receiver would have been appointed in the first instance. There had been no change in the situation, and the same reasons which impelled the court to refuse to discharge the receiver, would have been sufficient to justify his appointment. *Bristow* v. *Home Building Co.,* 91 Va. 18. Where the parties have had full opportunity to be heard upon the merits of the application, as on a motion to set aside the order of appointment, want of notice is not generally material. *Hancock* v. *American Bonding Co.,* 86 Ill. App. 630; *Elwood* v. *First National Bank of Greenleaf,* 41 Kan. 475; *Cotton* v. *Rand,* 92 S. W. 266; *Voshell* v. *Hynson,* 26 Md. 83. Was the court justified in the appointment of a receiver? The vendor's lien was unquestioned; a lien creditor's suit was also pending to subject the property to sale; the vendees were insolvent; the proceeds of the sale of the property would not pay off the liens thereon; the property was abandoned and was bringing in no revenue. It is well established by authority and reason that under such state of facts a court of equity may appoint a receiver to rent the property for the benefit of the lienors, and preserve the corpus until a sale can be properly made. *Ogden* v. *Chalfant,* 32 W. Va. 559; *Batson* v. *Findley,* 52 W. Va. 343, 354; *Beard* v. *Arbuckle,* 19 W. Va. 145. The power to appoint receivers is discretionary and should be exercised with due caution. The discretion is not arbitrary, nor absolute, and will be reversed where it has been abused. But we see no abuse of discretion in this case. On the contrary, the decree is plainly right.

*Affirmed.*