# CHARLESTON.

L. R. SIMONS *v.* R. N. SIMONS *et al.*

Submitted May 29, 1924.    Decided June 6, 1924.

1. FRAUDULENT CONVEYANCES—*Receiver and Sale of Property Covered by Deed of Trust and Execution Liens for Benefit of Those Entitled to Proceeds Held Not Erroneous.*

   In a suit in chancery to subject personal property to the payment of execution liens and to set aside a deed of trust thereon, as made with intent to hinder, delay and defraud plaintiff in the collection of his judgment debt, where it appears that the judgment debtor has claimed as exempt from forced sale all of his personal property except that conveyed by the deed of trust, and is insolvent; it is not error to appoint a receiver as prayed for in the bill, and direct a sale of the property covered by the deed of trust and execution liens, for the benefit of those entitled to the proceeds.    (p. 608).

2. APPEAL AND ERROR—*Lack of Notice of Application and Appointment of Receiver Not Material on Appeal, Where Interested Parties Appear and Move to Discharge Receiver.*

   Where such a receiver has been appointed by a vacation order without notice, but before any action is taken by the receiver affecting the status of the property, the execution debtor and *cestui que trust* appear at the bar of the court, all parties being present, and move to discharge the receiver, and after full hearing upon the merits, the court overrules the motion to discharge; the lack of notice of the application and appointment will not be generally regarded as material by the appellate court. (p. 608).

3. JUDICIAL SALES—*Unnecessary to Ascertain Personal Property Liens in Order of Dignity and Priority Before Decreeing Sale.*

It is not necessary to ascertain the liens against personal property in the order of their dignity and priority before decreeing sale thereof. (p. 609).

Appeal from Circuit Court, Upshur County.

Suit by L. R. Simons against R. N. Simons, W. T. George, and others. From a decree for plaintiff, the named defendants appeal.

*Affirmed.*

*W. B. Cutright,* and *George & Wilcox,* for appellants.

*J. M. N. Downes,* for appellee.

LIVELY, JUDGE:

Defendants, R. N. Simons and W. T. George, appeal from two decrees entered June 12, 1923, and June 21, 1923, the first of which appoints a receiver to take charge of and sell an automobile belonging to R. N. Simons, on which George has a deed of trust lien, and the second refuses to discharge the receiver and to vacate and annul the first order appointing such receiver.

The bill sets up the rendition of a judgment in favor of L. R. Simons, plaintiff, against R. N. Simons, defendant, before a justice of the peace for $328.30, on October 30, 1922, on which execution was issued and returned by the constable on December 30, 1922; and on which another execution was issued on May 19, 1923, returnable in sixty days, which was returned on June 4, 1923, with a schedule or list of defendant's property, amounting to $1,119, in which he claims certain items as exempt from levy under the personal property exemption laws in favor of a judgment debtor; and which list excludes as exempt the automobile listed at $800. A short time after the return of the execution with the claim for exemption, plaintiff caused another execution to issue which was levied on the automobile; and other judgment creditors had executions levied on the car. It is charged that on the day the second execution was returned (June 4, 1923), de-

fendant R. N. Simons executed a deed of trust on the car to secure an alleged debt in favor of defendant George, for $800, which was fraudulent, and made for the purpose of hindering, delaying and defrauding plaintiff from collecting his execution debt; that defendant was insolvent as shown by the execution debts; that defendant had been declared a bankrupt by a proper proceeding, but had not been discharged as such; that defendant had a lease on a lot in the village of Adrian, of doubtful value, and no other property except the car, his household goods, and wages listed in his exemption schedule; and that plaintiff's execution lien is superior to that of the deed of trust. The bill prays for cancellation of the trust deed, appointment of a receiver to take charge of the car and sell the same in discharge of plaintiff's lien, and the other liens thereon. The various executions with the returns thereon, and endorsements of levies by the officer; and the deed of trust to secure George are exhibited with the bill. The bill with exhibits was presented to the judge in vacation and Rohrbaugh, the constable holding the executions, was appointed special receiver, directed to take charge of the car then already levied on, and make sale of the same for cash after advertisement. This is the first order complained of and was entered as a vacation order on June 12, 1923. On June 21st the parties met at the bar of the court, when defendants Simons and George filed a written demurrer to the bill and moved the court to discharge the receiver and vacate the former decree. Upon argument the demurrer was overruled; the motion to dismiss the receiver and vacate the order was refused; and execution of the first decree delayed until defendants could apply for an appeal, which was afterwards awarded by a judge of this court, on July 12, 1923.

The points of error relied upon for reversal are: (1) that it was error to overrule the demurrer because the bill does not make a case for the appointment of a receiver, there being no allegation that the property was perishable or would deteriorate in value; (2) that it was error to appoint a receiver without notice to defendants of the motion; and it was error to direct sale of the car without first adjudicating the liens thereon in the order of their dignity and priority.

Jurisdiction is given to courts of equity for the purpose of

setting aside any conveyance of personal property by a debtor made with intent to delay, hinder and defraud his creditors in the collection of the debts. *Clark* v. *Figgins,* 31 W. Va. 156. Plaintiff having attacked the alleged fraudulent deed of trust has a lien upon the car after the commencement of the suit and was in position to ask for and obtain the appointment of a receiver to preserve the car from misappropriation, loss or deterioration, in order to satisfy his lien. *Murphy* v. *Fairweather,* 72 W. Va. 14. While plaintiff had a lien upon the car by virtue of his execution issued on May 19, 1923, returnable in sixty days, superior to the trust deed dated June 4, 1923, made by the debtor to secure George, although the execution was not levied thereon, he could maintain the suit in equity to annul the trust deed as fraudulent and made with the intent to hinder and delay him in the collection of his judgment debt. The lien of a *fieri facias* attaches to all of the personal property of which the judgment debtor is possessed, or which he may acquire before the return day thereof, although not levied thereon or capable of being levied thereon. Sec. 2, chap. 141, Code. The return day of the execution was July 19, 1923, although it was returned by the constable on June 4th with the schedule of the debtor attached. Was the appointment of the receiver erroneous? The bill charged insolvency of the judgment debtor and clearly showed by exhibits of other judgments and the trust deed that the indebtedness was in excess of defendant's property; and by the schedule of defendant's property, filed with the constable, the only property subject to the payments of the debts was the car. This car was already levied upon by plaintiff's second execution and in the hands of the constable, and could have been sold by that officer. It was in *custodia legis,* and the appointment of a receiver did not change its status and could do no harm, either to the debtor or those claiming debts against it. The constable who could have sold under the execution, was directed to sell as an officer of the court and bring the proceeds into court to discharge the debts or such of them as would take preference. The judgment debtor had by the exemption of his household goods and wages, turned over the car to his creditors. Whether sold by the law officer or by the officer of the chancery court would be of little con-

cern to him. The appointment of a receiver is regarded as a harsh remedy and should be sparingly and cautiously exercised, and notice of the application should always be given if possible and practicable. The parties should be heard; the facts in the bill which would justify the appointment, might be controverted, and the necessity and propriety of the harsh remedy shown not to exist. But in this case the parties promptly came to the bar of the court and moved the discharge of the receiver before any prejudicial steps had been taken by him as such. There had been no change in the situation. Upon hearing the motion the court refused to discharge the receiver, and the same reasons which prompted the refusal would have been sufficient to justify his appointment. In reality the parties were heard upon the necessity and propriety of the appointment. Want of notice is not generally regarded as material where the parties have had opportunity to be heard, as upon a motion to set aside the appointment. *Donohoe* v. *McCollam,* 91 W. Va. 220, citing *Bristow* v. *Home Building Co.,* 91 Va. 18; *Hancock* v. *American Bonding Co.,* 86 Ill. App. 630; *Voshell* v. *Hynson,* 26 Md. 82. See *Batson* v. *Findley,* 52 W. Va. 343, 353. Upon the hearing to discharge the receiver, appellants made no answer, and in no way controverted the facts charged in the bill; they contented themselves with reliance upon the demurrer. The court's order refusing to discharge the receiver and set aside the vacation order was practically a confirmation of or re-entry of that order. We can not see where appellants have been prejudiced by the entry of the vacation order, even though erroneous. The appointment of a receiver is always within the sound discretion of the court; the power is not arbitrary, and where the discretion has been abused, the order of appointment will be promptly annulled. It is clear that the power here exercised has not been abused. In effect the property had been turned over by the debtor to his creditors, first by his schedule of exemption of other personal effects, and next by transferring it to a trustee to secure another creditor. It was evident that the car would be eventually sold, and delay would entail costs of storage, and use or non-use would depreciate its value.

The only remaining assignment of error, and to which the

argument of appellants is chiefly addressed, is that the liens against the car were not adjudicated before decreeing sale. *Scott* v. *Ludington,* 14 W. Va. 387; *Crawford* v. *Weller,* 23 Grat. 835; *Marlin* v. *Robrecht,* 13 W. Va. 440; *Hartman* v. *Evans,* 38 W. Va. 669; *King* v. *Burdette,* 44 W. Va. 561; and other like cases are cited to sustain this proposition of error. All of these cases cited relate to the sale of real estate. They hold that before real estate can be decreed to sale, the liens of the several creditors must be adjudicated in the order of their dignity and priority upon the parcels of land to be sold, and a day given the debtor to redeem. They have no application to a decree for the sale of personalty where the rule based on reason is altogether different. *Casket Co.* v. *Undertaking Co.,* 81 W. Va. 212, 217, where Judge Poffenbarger says:

> "As the subject matter of the decree was personal property, complete ascertainment and adjustment of the liens thereon were not conditions precedent to right and power in the court properly to decree a sale thereof. It is essential in proceedings for the sale of real estate, but none of our decisions require it in proceedings against personal property, and there is a manifest distinction in the characters of the two classes of property, which forbids its application in the latter case. Preservation and care of personal property always involve expense and risk of loss, even though it is often not perishable in the legal sense of the term. Besides, its legal inferiority to real estate is clearly indicated by many provisions of the law, both adjective and substantive. Their obviousness to legal minds excuses enumeration thereof."

The decrees will be affirmed.

*Affirmed.*