# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## CRALLE V. CRALLE.

### APRIL 25th, 1886.

1. APPEAL—*Supersedeas—Court below.*—Pending appeal from decree to which a *supersedeas* has been issued, and perfected by bond, the only orders the court below can make in the suit are such as are needed to preserve the *rem* in litigation.
2. IDEM—*Alimony—Court below.*—Code 1873, ch. 105, sec. 10, authorizes trial court, pending the suit, to compel the man to pay sums necessary to maintain the woman and enable her to carry on the suit; yet it does not justify it to make any order for such purpose, pending appeal here from decree rendered in same suit for alimony.
3. IDEM—*Idem—Case at bar.*—Pending a divorce suit, trial court decreed alimony to the woman. From the decree appeal was taken and *supersedeas* awarded. Pending the appeal, trial court decreed to the woman an allowance of $150 to enable her to defend the suit in this court, and $25 a month for her maintenance during the pendency of the suit. On appeal from last decree—

HELD :

    1. The court below was unauthorized to make the decree last appealed from.

    2. The amount decreed, however, being less than the *minimum* jurisdictional sum, the appeal must be dismissed.

    3. The appellant's remedy is by writ of prohibition from this court to the execution of the decree.

Appeal from decree of circuit court of Nottoway county, rendered 6th April, 1883, in the cause of George A. Cralle against Louisa W. Cralle. This is sequel to the case of *Cralle* v. *Cralle,* decided May 1st, 1884, and reported in 79 Va. 182.

That was the suit of the same George A. Cralle against the same Louisa W. Cralle for divorce *a vinculo matrimonii*, on account of her alleged wilful desertion of him for five years. The suit was brought and the divorce was decreed in 1874, when she was a non-resident. In 1876, she petitioned for a rehearing of the cause and for alimony. An allowance was decreed her of $25 a month, and was estimated with reference to acquisitions of property by the plaintiff after the decree of divorce.

From the decree George A. Cralle obtained an appeal and a writ of *supersedeas*, which was duly perfected; pending which, the circuit court entered the decree from which this appeal was taken, and by which she was adjudged $150 to enable her to defend the former appeal, and *pending this suit*, $25 a month, commencing 1st April, 1883, with right, upon the rise of the court, to sue out execution for $175, being the $150 and the allowance for April. From this decree also George A. Cralle also appealed.

*H. L. Lee*, for the appellant.

*W. H. Mann*, for the appellee.

HINTON, J., delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Nottoway county, rendered in this same cause pending a former appeal in this court, by which decree the appellee is allowed temporary maintenance and counsel fees out of the estate of the husband for services to be performed in this court. And the question we have to decide is, not whether the circuit court had jurisdiction to render such a decree, but whether it had the right to enter any decree during the pendency of that cause in this court.

The statute, chapter 105, section ten, Code 1873, in express terms, authorizes the trial court to make any order that may be necessary to compel the man to pay such sums as may be required for the maintenance of the woman and to enable her to carry on the suit whilst it is pending in that court, and this should usually be done before or at the time of the sentence of divorce. But this statute affords no justification for the action of the circuit court in rendering the decree appealed from, whilst an appeal was pending from a former decree allowing alimony in the same cause.

Although, perhaps, an appeal in a chancery cause does not here, any more than in England, stop the proceedings under the decree from which the appeal is taken, yet there can be no manner of doubt but that the effect of an appeal, when fully perfected by the execution of the proper *supersedeas* bond, is to deprive the subordinate court of all power over the parties and subject matter of controversy, until the cause is remanded back for its further action; and the only orders, therefore, which that court can rightfully make are such as are needful for the preservation of the *res* and rights of the parties pending the appeal. *Slaughter House Cases*, 10 Wall. 273; *Littlejohn* v. *Ferguson*, 18 Gratt. 53; *Moran* v. *Johnston*, 26 Gratt. 108.

Under the statute, chapter 178, section eleven, Code 1873, it is true, the court, or judge to whom the petition for appeal is presented, may stay the proceedings "in part," as well as "in whole," but if the *supersedeas* is allowed to the whole cause, then the power of the lower court over the cause is suspended and gone, save to the extent indicated above. Thenceforth the cause is regarded as pending in the appellate court, and any order or decree that may be made by the subordinate court must be simply null and void.

Now, in the case before us, it is apparent that the decree appealed from was not intended to effectuate either of the pur-

poses above mentioned; but it is also apparent that the amount in controversy, being the sum for which the decree was rendered, which is not shown to amount to as much as $500, and, therefore, this court must dismiss this appeal. This is done, however, without prejudice to the right of the appellant to apply forthwith to this court for a rule to show cause why a writ of prohibition should not issue to prohibit the execution of the decree aforesaid; and in the meanwhile the attempt to execute the decree of the court below will subject all parties concerned to a proceeding for a contempt.

APPEAL DISMISSED.