# CHARLESTON.

STATE ex rel. BETTMAN et al. v. HARNESS et al.

Submitted June 24, 1896—Decided Nov. 25, 1896.

CONTEMPT—INJUNCTION—JURISDICTION.

A motion to dissolve an injunction being overruled, an appeal and *supersedeas* is taken to the order overruling the injunction. The court awarding the injunction, not the supreme court, has jurisdiction of a proceeding for contempt for its violation.

VAN WINKLE & AMBLER for petitioners, cited Code, c. 135, ss. 1, 14; 160 Pa. St. 559; 40 Am. St. Rep. 734; 34 W. Va. 49; 29 W. Va. 176; 26 W. Va. 595; 39 W. Va. 704, 749; 132 U. S. 14; 23 W. Va. 451; High, Inj. § 1698; 19 W. Va. 145; 16 W. Va. 879; 36 W. Va. 139.

WEIL & THORP, H. P. CAMDEN and W. P. HUBBARD for respondents, cited 16 W. Va. 874-5; 5 Rand. 332; 115 U. S. 168; Code, c. 135, ss. 1, 12; 19 W. Va. 145; 20 S. E. Rep. 946.

BRANNON, JUDGE:

Bettman & Watson obtained from a judge of a circuit court an injunction against Harness and others, restraining them from boring for oil on certain premises, and, from an order overruling a motion to dissolve it, the defendants took an appeal and *supersedeas* to this Court, pending which the defendants violated the injunction, and the plaintiffs instituted in this Court a proceeding for contempt, which we now decide.

An appeal and *supersedeas* to a decree or order dissolving an injunction keeps it in force pending the appeal, and acts prohibited by the injunction constitute contempts. As when once the injunction ceases by

reason of its dissolution it is gone, a mere appeal does not restore it, unless some order or process staying or superseding the act of dissolution keeps the injunction alive. An appeal with *supersedeas* does this. *State* v. *Bridge Co.* 16 W. Va. 804; 1 Beach, Inj. § 283; 2 High, Inj. § 1709; *Knox Co.* v. *Harshman*, 132 U. S. 14 (10 Sup. Ct. 8). It is plainer still that when the order or decree refuses to dissolve or perpetuates the injunction, an appeal, or, appeal and *supersedeas*, does not impair the injunction, and acts forbidden by it are contempts. 1 Beach, Inj. § 1699.

Which court punishes for the contempt? When an appeal is perfected, the jurisdiction of the appellate court over the subject-matter and parties attaches, and the trial court has no power to render any further decision affecting the parties in the cause until remanded. *Dunbar* v. *Dunbar*, 5 W. Va. 567; *McLaughlin* v. *Janney*, 6 Gratt. 609; 2 Enc. Pl. & Prac. 327. But be not mislead by this to conclude that this determines that in all cases contempt proceedings must be in the appellate court. The principle just stated means only that after appeal the lower court can do nothing more in the case, order nothing further within the scope of the case as relief, except to preserve the property. The appeal, however, does not cover matters not embraced within the issues made by the record, though such matters may grow out of the same subject. Elliott, App. Proc. § 545.

A proceeding for contempt in disobeying an injunction is not one in or a part of the case, but is outside of it, and is a criminal procedure. *Alderson* v. *Commissioners*, 32 W. Va. 640, 648 (9 S. E. 868). Where there is a dissolution, and an appeal and *supersedeas*, *State* v. *Bridge Co.* 16 W. Va. 864, holds that such contempt proceeding must be in the appellate court. It was doubted in *Turner* v. *Scott*, 5 Rand. (Va.) 332, whether it ought to be in the lower or appellate court. 1 Beach, Inj. § 283, lays down that the lower court has jurisdiction in such case; but, as stated above, the law being that the order of the lower court dissolves and ends the injunction, and it is only given new life by the superseding writ of the appellate court, it seems to me that the position taken in *State* v. *Bridge Co.* is right. But different is this case, where the order of the circuit court does not dis-

solve, but refuses to dissolve, and thus leaves the injunction in full force, for in such case the act violates the process of that court. In such case the process of this Court is not an injunction, though it be a *supersedeas*. An appeal and *supersedeas* from a decree only prevents further affirmative acts in execution of it, but leaves it just in the condition it was when the appeal takes effect, and therefore does not vacate an injunction awarded or a former one perpetuated by it, so as to permit the doing of the act enjoined during the pendency of the appeal. 2 High, Inj. § 1699; *State* v. *Dillon*, 96 Mo 56 (8 S. W. 781); *Sixth Ave. R. Co.* v. *Gilbert El. R. Co.* 71 N. Y. 430; *Central Union Tel. Co.* v. *State*, 110 Ind. 203 (10 N. E. 922, and 12 N. E. 136). "In such case the court which granted the injunction still has power to punish its violation, notwithstanding the appeal." 2 High, Inj. § 1699. Much more plainly so when the order appealed from merely overruled a motion to dissolve a pre-existing injunction, thus leaving it as at the date of the order in full force.

This proceeding ought to have been in the circuit court, and we discharge the rule for contempt.