# CHARLESTON.

### MAXWELL *v.* MAXWELL.

### Decided March 1, 1910.

DIVORCE—*Suit Money and Maintenance Pending Appeal—Jurisdiction of Circuit Court at Any Time Pending the Suit—Appellate Jurisdiction.*

The circuit court has jurisdiction to award suit money and maintenance necessitated by the pendency of an appeal of a divorce suit. The power to make such an award does not lie in the appellate court.

Appeal from Circuit Court, Ohio County.

Suit by Emma V. Maxwell against A. O. Maxwell. Decree for plaintiff, and defendant appeals.

*Affirmed.*

*John J. Coniff* and *Henry M. Russell,* for appellant.

*T. S. Riley* and *A. L. Sawtell,* for appellee.

ROBINSON, PRESIDENT:

In the circuit court of Ohio county, Emma V. Maxwell sought a decree of divorce from her husband, A. O. Maxwell. Upon a hearing of the cause, the relief asked by her was denied and the suit dismissed. She obtained and perfected an appeal from the decree of dismissal. Thereafter she petitioned the circuit court for an order compelling the husband to pay her an amount of money sufficient to enable her to prosecute that appeal and

to maintain her during its pendency. The petition was received and filed, and notice to the defendant of a hearing thereon was directed to be given. The defendant appeared and answered the petition. The answer denied the jurisdiction of the circuit court to make the order for which the petitioner prayed. But upon a hearing of the issue made by the petition and answer it was decreed "that the defendant, A. O. Maxwell, pay to the plaintiff five hundred and thirty-four dollars to enable her to prosecute her suit in the Supreme Court of Appeals and that he pay to the said plaintiff thirty dollars per month alimony during the pendency of said suit or until the further order of this court." From this decree the defendant, A. O. Maxwell, has appealed.

The question presented is that of the jurisdiction of the circuit court to award, because of the pendency of an appeal, suit money and maintenance after the appeal has been taken. Concurrently there arises the question of the power of this Court to make such an award in a case here on appeal.

Has the circuit court such power as it exercised? Does the power lie in the appellate court? It is insisted that the circuit court can make no order for suit money and maintenance after an appeal of the suit is perfected; that the order can then be made only by the Supreme Court of Appeals, wherein the appeal is pending. These questions are of first instance with us. Yet they are of vital importance. It behooves us to start right. In other states we find decisions in point. But they are at great variance—many holding one way and many the other. Some are poorly considered; others seemingly controlled by constitutions and statutes different from ours. Perhaps we could truthfully say that the greater number of them justify the conclusion that we shall announce in this opinion. The decisions of New York, Maryland, and California, and the latest decisions in Missouri, are clearly in accord with it. So are many others. But no opinion should be controlled by the number of precedents found in other jurisdictions. Nor should those precedents be persuasive unless founded upon sound reason. We shall give them only such weight as their good sense discloses.

A late exposition of the decisions on the subject under consideration is that in the helpful note in 3 Amer. & Eng. Ann.

Cases, at page 51. Our extended examination of all the cases, in that note and elsewhere cited, leads us to say that there may be drawn as a general deduction from them, without regard to its applicability in all jurisdictions, the text in 1 Enc. Pl. & Pr. 449, which is: ".Temporary alimony and counsel fees may be granted by the appellate court pending an appeal, but the usual practice is that this shall be done by the trial court, which is deemed still to have sufficient jurisdiction for this purpose as long as the action is pending, *i. e.,* while the appeal is undetermined." This text, however, read in the light of the two lines of cases cited to support it, one line in relation to its first proposition and the other, a directly opposite line, in relation to its last proposition, can mean only that in some states the appellate court may grant temporary alimony and counsel fees pending an appeal of the divorce case, but that the decisions of other jurisdictions are to the contrary and are so numerous that the usual practice is to grant this power to the trial court even pending an appeal. The first proposition of this text, though stated as a general one, is not generally true. The cases cited in the book itself as supporting the latter proposition denounce the first. And so it is too often in texts. On this same subject, in Nelson on Marriage and Divorce, at section 863, we find the author simply stating conclusions from cases as general propositions of law, in this way giving his name and sanction to them, though they are not the law in many states because considered unsound or inconsistent with constitutions and statutes. The early text-books were not so written. To a great extent they contained original thought, based on reason— not cases. Yet some of the courts, we observe, have justified decisions upon the question by the text of this author. Why do that when the law stated in that text is not generally the law? Why not look at the other side of the question, supported as it is by authority of courts equally as profound as those cited in the text-book? Why not appeal to reason, which is the life of the law, rather than to an author who simply adopts a line of cases and ignores well considered cases to the contrary, without even a discussion of the weight of the subject? We refuse to follow any text or case unless it is sound and suited to our jurisprudence.

The Supreme Court of Appeals has original jurisdiction only

in cases of *habeas corpus, mandamus,* and prohibition. In all other matters, its jurisdiction is appellate. Constitution, Art. VIII, section 3. Certain it is that an award of suit money and maintenance does not pertain to *habeas corpus, mandamus,* or prohibition. Then such award cannot be made in this Court by the exercise of the limited original jurisdiction granted by the Constitution. If it can be made here at all, it must be by the exercise of the appellate jurisdiction of this Court. But what is appellate jurisdiction? Does it include the power to do other than to review upon the record made below? Does it not relate wholly to the consideration of that which has been acted upon by the court from whence comes the appeal? May this Court do an original thing, act upon something that has never been heard in the court below, and call that the exercise of appellate jurisdiction? We do not think so. It is not in reason so to hold. Only in *habeas corpus, mandamus,* and prohibition can we act originally. In all other cases, we must act upon that which has once before received consideration by a court. Our powers are made by the Constitution itself. It has not granted this Court power to make an original order in a divorce case. In such case it can act only in review of an order made below— exercise appellate jurisdiction. Whenever this Court proceeds to act upon a cause, or some branch of a cause, that involves an issue made for the first time here, it begins to act originally. It begins to create a cause, not to review one. It begins to exercise original and not appellate jurisdiction. "Appellate jurisdiction is the authority of a superior tribunal to review, reverse, correct, or affirm the decisions of an inferior judicial tribunal in cases where such decisions are brought before the superior court pursuant to law." Elliott on App. Pro., section 16. Its essential criterion is, says Justice Story, "that it revises and corrects the proceedings in a cause already instituted, and does not create that cause." 2 Story Const., section 1761. What reviewing, reversing, correcting, or affirming is demanded upon a petition for suit money and maintenance presented for the first time in this Court? Nothing has yet been done to be so acted upon. The reception of a petition of that kind creates a new issue. It makes a new cause—one for original hearing and not for review. True, the procedure is collateral to a suit pending on appeal, but it independently involves the making of an

original order and not the review of one already made. There-
fore it calls for the employment of original and not appellate
jurisdiction.

Will it be insisted that this Court can entertain an original
issue upon the question of an award of suit money and main-
tenance, hear evidence, and originally decide thereon? If the
application can be made here originally, we must entertain a
resistance thereto, hear evidence, and decide an entirely new
case—a case created and made up wholly in this Court. Again
we say, no such power is vested here except in cases of *habeas
corpus, mandamus,* and prohibition. Yet we must open the door
of this Court for original evidence, if we open it for original
application. But this Court cannot hear evidence other than
that brought up for review, except in the exercise of original
jurisdiction. That is the command of the law-makers. "The
Supreme Court of Appeals shall not hear parol testimony except
in cases in which it has original jurisdiction." Code 1906,
chapter 135, section 25. That mandate means that, as to cases
here on appeal, we shall deal only with evidence taken below
and brought up for the purpose of a review of an order or decree
made upon it below. It means that in using our appellate powers
we shall consider no other evidence, and shall consider it for no
other purpose. Now can we properly determine the right to
suit money and maintenance, based on the pendancy of an appeal,
and the amount to be allowed, other than by original evidence?
Shall we look to the evidence brought up for review? Even if
the evidence brought up by the appeal happens to be pertinent
to such new subject, we cannot decide upon it a proposition
that has not been decided below without exercising original
jurisdiction. We can consider evidence brought here on appeal
only in reviewing orders or decrees made upon it below. We
cannot look to it for the purpose of exercising an original juris-
diction that is not vested in this Court.

We are not unmindful that the use by an appellate court of
such power as is in question has been upheld in a Nevada decision,
upon the ground that the power is necessary to enable the ap-
pellate court to exercise its appellate jurisdiction, or at least
is an aid to the review of the case on appeal. *Lake* v. *Lake,* 17
Nev. 230. In other words, appellate jurisdiction includes the
power to hear original issues and make original orders for the

purpose of financing the appellate hearing, or furnishing counsel for the same. It is said that the appellate court will be deprived of its power to properly and learnedly exercise its appellate jurisdiction unless money be provided for printing and the like and the securing of counsel. The same reasoning will justify an assertion that the woman cannot litigate the appeal and give the court active opportunity of appellate jurisdiction unless the court provide her maintenance. Yes, this argument implies that appellate courts will not only review what the court below has done, but will cause litigants to be fed, furnish them counsel and the like, so that the appellate jurisdiction will be actively invoked and learnedly exercised. To what extent will such straining to find excuse for the use of original power on appeal lead? There are many other cases than divorce to which it may be applied just as fittingly, such as those involving receiverships, estates of decedents, infants and others, and in fact all cases in which fiduciaries are parties. We shall not open this Court to extensive and unnecessary original jurisdiction. The circuit courts are available. This Court shall devote its labors to a review of orders made below, except in the three cases directed by the Constitution. The plain import of our law shall not be distorted for the sake of doing something novel. Appellate jurisdiction is not so dear to this Court. It has an abundant supply.

If, after an appeal of a divorce case, the wife seeks to be paid suit money or maintenance pending the appeal, she must apply therefor in the circuit court. Since the matter is of original and not appellate cognizance, it must be litigated where there is original jurisdiction for it, and where original evidence may be heard upon it. It is no part of the appeal. It is indeed a new case. Though the procedure is collateral to a case on appeal, yet it involves a matter that is independent of any question raised by the appeal. It embraces a showing that was not made in the court below, and which therefore could not be embraced in the appeal. That showing could not be made until the appeal was taken, for the showing itself is that of the pendency of the appeal and the necessity for suit money and maintenance which that appeal has caused. The making of this showing in the circuit court is not prevented by the appeal. That appeal affects only that which has been done by the circuit

court.  It removes the case to the appellate court for review
of what the circuit court has already done.  It does not deprive
the circuit court of jurisdiction to make orders in the cause
upon matters that are distinct from the questions involved in the
appeal and especially those which are in aid of the appeal.
*State* v. *Harness,* 42 W. Va. 414; *Hutton* v. *Lockridge,* 27
W. Va. 428; *Beard* v. *Arbuckle,* 19 W. Va. 145.  An appeal
does not always remove a case so as to leave the circuit court
absolutely lifeless in regard to it.  "Matters independent of and
distinct from the questions involved in the appeal are not taken
from the jurisdiction of the trial court.  Such matters as the
appeal does not cover are purely collateral or supplemental,
lying outside of the issues framed in the case, or arising subse-
quent to the delivery of the judgment from which the appeal is
prosecuted.  The general rule that a case leaves the jurisdiction
of the trial court when an appeal is perfected is not impinged
by holding that purely collateral or supplemental matters are
left under the control of the trial court, notwithstanding the
loss of jurisdiction over the case taken to the higher court."
Elliott on App. Pro., section 545.  This principle is wholly
ignored in *Cralle* v. *Cralle,* 81 Va. 773, the case relied upon by
appellant.  Yet in recognition of the principle, Judge BRANNON,
in *State* v. *Harness, supra,* said: "The appeal, however, does
not cover matters not embraced within the issues made by the
record, though such matters may grow out of the same subject."

Our statute on divorce procedure vests jurisdiction in the
circuit court to make orders for suit money and maintenance.
Code 1906, chapter 64, section 9.  This power by our law lies
in no other court.  The language of the statute is: "The
court in term, or the judge in vacation, may at any time pending
the suit, make any order that may be proper to compel the man
to pay any sum necessary for the maintenance of the woman, and
to enable her to carry on the suit."  That statute plainly relates
to the circuit court.  It puts the power there.  It could not
put it in this Court; the Constitution forbids.  And it puts
the jurisdiction in the circuit court to be employed "at any time
pending the suit."  The power may be exercised during the
original pendency of the suit, or during its subsequent pendency
on appeal if the circuit court then acts on matters that are
independent of those it has already acted upon and from which

the appeal has been taken. On appeal it is the same suit; it is again pending. True, for some purposes an appeal is considered a new suit, but in every case it must be, from the very nature of things, the same suit that once before was pending below. The statute plainly contemplates that as long as the contest in relation to a divorce is being litigated the circuit court shall have power to make proper orders for suit money and maintenance, even though the litigation is being continued on appeal. While an appeal may in one sense be a new suit, yet in the sense of this statute it is simply a new or continued pendency of the same suit. Statutes of New York and California in virtually the same terms as the one under consideration have received the construction which we give. *McBride* v. *McBride,* 119 N. Y. 519; *Bohnert* v. *Bohnert,* 91 Cal. 428; and other cases.

An expression in *Beard* v. *Arbuckle, supra,* is directly pertinent to the case before us. While it relates to the power of the circuit court to appoint a receiver in a cause which is pending on appeal, and justifies such power, yet the same is analogous to the matter at hand. The remarks are quite as applicable in asserting the power of the circuit court to award suit money and maintenance pending appeal, and in denying the jurisdiction of this Court in the premises. Judge JOHNSON says: "The court was asked to do something in the cause not involved in any of the decrees theretofore rendered. It was entirely independent of them, or any of them. Entirely new evidence might have been heard upon the petition, which could not be heard in this Court, therefore it would not be proper for this Court, pending the appeal and *supersedeas,* to appoint a receiver; and if such appointment could not be made by the circuit court there might be a denial of justice."

The power to award suit money or maintenance pending the appeal of a divorce suit is solely in the circuit court. The making of such an award is the exercise of an original jurisdiction which is not vested in the appellate court. The decree will, therefore, be affirmed.

*Affirmed.*

BRANNON, JUDGE, dissenting with JUDGE MILLER:

We must say that whether alimony pending suit or allowance to the wife to carry on her suit shall be made is not matter of absolute right, but comes under the sound discretion of the Court, and is a question for the Court to be decided upon the facts. *Goff* v. *Goff,* 54 W. Va. 364.. It is a question savoring of the merits, and is litigable between the parties, and is to be judged of in almost all cases by the record of the appeal, though affidavits may be read upon the question. It is so much litigable that the order of the court is appealable. This being so, how can a circuit court, after final decree and perfected appeal, decree alimony temporary or suit money, seeing that after appeal the lower court is bereft of jurisdiction over the subject and the parties, except to preserve the *res* in litigation to abide the decision of the appeal? The parties and the cause and rights involved in it are in the appellate court, and yet the lower court is to say whether such money is to be given, and fix the amount of expenses even in the appellate court. Authorities in *Crawford* v. *Fickey,* 41 W. Va. p. 546. "Pending appeal from a decree to which a *supersedeas* has been issued, and perfected by bond, the only orders the court below can make are such as are needed to preserve the *rem* in litigation". *Cralle* v. *Cralle,* 81 Va. 773. That case is just like our case. After appeal perfected the lower court decreed the wife money to defend the appeal and a monthly sum for support during its pendency, and the supreme court held such decree unauthorized. Nelson on Divorce, section 863, after suggesting some arguments in favor of the continued power of the lower court to make such decree, says: "On the contrary, the whole power should not be delegated to the lower court, for during the pendency of the appeal the appellate court may find it necessary to change the amount of alimony and suit money and to make further orders concerning the same. Where the practice is not controlled by statute, the ordinary rules of practice, as well as plain principles of law, would suggest that the jurisdiction of the lower court is lost when the appeal is perfected. Before the appeal is perfected the lower court has the power to award alimony and any sum of money necessary to enable the wife to prepare the case for appeal, including clerks' and reporters'

fees, the cost of printing the record, etc., and a suitable attorney fee for making such preparation. When the appeal is perfected all proceedings in the lower court are stayed, and the application must be made to the appellate court, which now has complete jurisdiction over the parties. Upon reversal the lower court will obtain jurisdiction over the parties again, and may make further orders concerning alimony and attorney fees." My own research brings me to that conclusion, though a few cases against it may be found. Suporting this holding see *State* v. *Shrader,* 32 Fla. 403, 13 So. 920; *Jenkins* v. *Jenkins,* 91 Ill. 167; *Elzas* v. *Elzas,* 183 Ill. 160; *Watkins* v. *Watkins,* 66 Mo. 468; *Prine* v. *Prine,* 36 Fla. 676; *Chaffee* v. *Chaffee,* 14 Mich. 463; *Disborough* v. *Disborough,* 51 N. J. Eq. 306; *Vanduzer* v. *Vanduzer,* 70 Iowa 614, 31 N. W. R. 956; *Lake* v. *Lake,* 17 Nev. 230, 238, 30 Pac. R. 878; *Krause* v. *Krause,* 23 Wis. 356; *Wagner* v. *Wagner,* 36 Minn. 239, 30 N. W. R. 766. Many cases hold that the power to make such allowance resides in the appellate court, and this impliedly denies jurisdiction in the court of original jurisdiction as will be seen from *Lake* v. *Lake* and others of the above cases. I see that 14 Cyc. 745, says, the cases somewhat differ as to the power of the appellate court to make such allowance after appeal, but the weight of authority seems in favor of the exercise of the power. Such is my conclusion from the many cases there cited; but they do not decide the exact point before us. The case of *Lane* v. *Lane,* 26 App. Cases (D. C.) 235, so holds. It is reported in that valuable work American & English Annotated Cases, Vol. 6, 683. See collection of cases in same work Vol. 3, p. 51. Cases cited for the power of the lower courts generally depend on statutes. So it is with California. 3 A. & E. Ann. Cases 52. The case of *Rohrback* v. *Rohrback,* 75 Md. 317, expressly says that it is based on a statute giving the lower court the same power after appeal as the ecclesiastical court had. Twice has the Illinois court said that but for a statute in that state there could be no question that the lower court has no such power after appeal. *Jenkins* v. *Jenkins,* 91 Ill. 167; *Elzas* v. *Elzas,* 133 Ill. 160.