SCALES v. GRASSMAN et ux. (No. 8571.)*

(Court of Civil Appeals of Texas. Galveston, March 13, 1924. Rehearing Denied April 3, 1924.)

1. Appeal and error ⬅448—Trial court had authority to appoint receiver during pendency of appeal.

In action to quiet title to gin and grist mill plant, wherein judgment declared a partnership between plaintiff and defendant, and plaintiff appealed without filing a supersedeas bond, trial court thereafter could appoint a receiver to hold and operate the plant, under Vernon's Sayles' Ann. Civ. St. 1914, art. 2128, in view of article 1706, and independent of such statutes it could appoint a receiver where the joint owners could not agree as to its operation.

2. Partnership ⬅119—No error in appointing receiver without notice to other party.

In an action to quiet title to gin and grist mill plant, wherein court adjudged the parties to be partners and plaintiff appealed, the court could without notice to him appoint a receiver on application of defendant to take charge and operate the plant because the parties could not agree on the operation of the property

Appeal from District Court, Brazoria County; M. S. Munson, Judge.

Suit by J. H. Scales against John Grassman and wife. There was a judgment for defendants and plaintiff appealed, and named defendant applied to district court for appointment of receiver. A receiver was appointed, and plaintiff appeals. Affirmed.

See, also, 261 S. W. 215.

Warren & Conn, of Houston, for appellant.

LANE, J. On the 20th day of September, 1922, there was rendered a judgment in the district court of Brazoria county in a cause styled "J. H. Scales v. John Grassman et ux.," No. 16011, wherein John Grassman recovered, on his cross-action from J. H. Scales, appellant herein, an undivided interest in a certain gin and grist mill, and a small tract of land 60 feet in width by 260 feet in length, upon which said gin and mill is situated; said gin and mill and land being the property involved in this appeal.

From the judgment so rendered, J. H. Scales appealed to this court, and while such appeal was pending John Grassman applied to said district court for the appointment of a receiver to take charge of the gin and mill, with powers to operate the same during the pendency of said appeal, said application reading as follows:

"No. 16011. J. H. Scales v. John Grassman et ux.

"In the District Court of Brazoria County, Texas.

"To the Honorable M. S. Munson, Judge of said Court:

"Now comes John Grassman, one of the defendants in the above-entitled and numbered cause, and would show to the court:

"1. That on the 20th day of September, A. D. 1922, there was entered by this court in this cause a judgment wherein this defendant recovered on his cross-action from the plaintiff herein an undivided one-half (½) interest in the following described property:

"Out of the E. R. Bradley League, Brazoria county, Texas; beginning at a stake on the east line of the right of way of the Sugar Land Railway at a point betwen the station and concrete oil tank; thence east 60 feet to stake; thence north parallel with the east line of the said right of way 250 feet to a stake, thence west 60 feet to said line of right of way; thence south with said line of right of way to place of beginning, said land including in its boundaries said gin situated thereon, which said tract was conveyed by John Warren to J. H. Scales by deed dated the 9th day of August, 1917, which said deed is recorded in volume 143, page 197, of the Deed Records of Brazoria County, Texas, together with a one-half interest in the cotton gin and building in which said cotton gin is situated, and all other improvements situated on the hereinabove described tract of land and connected with said cotton gin.

"That the plaintiff, Scales, has appealed from

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied 263 S. W. ——. Writ of error refused May 28, 1924.

said judgment to the Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, but has not filed a supersedeas bond and that, therefore, the jurisdiction of this property by this court has not been divested by said appeal.

"II. That upon the hereinabove described property is a cotton gin and a corn mill in which each, the plaintiff and this defendant, by virtue of said decree, own a half interest; that the cotton ginning season is about to open and that there will be offered to said gin, for ginning, cotton within a short time; but that the plaintiff and this defendant cannot agree upon a manner or method of operating said gin pending this appeal, and that all efforts to reach an agreement whereby said gin can be operated have failed; and said Scales refuses to let this defendant take any part in the operation and management of said property and gin; that unless the said gin is operated and properly taken care of it will greatly depreciate in value and cause a great loss in profits which would be realized from the operation thereof during the coming season, which will last from about the 10th of August until about the 1st of November, 1923, and that there will be a further loss in the value of said property, if not operated, by reason of the good will that will be lost if producers of cotton in and about English, Texas, who have heretofore had their cotton ginned at said gin are obliged to go elsewhere. This defendant says that unless a receiver is immediately appointed, with the usual powers to operate this gin, it will result in great and irreparable loss and injury to him.

"Wherefore, this defendant prays the court that a receiver be appointed immediately over the hereinabove described property, to take charge of the same and operate said gin and said corn mill, and do all things in connection with said gin that are usual and customary in the cotton ginning business, and for special and general relief. Bryan, Dyess & Colgin, Attorneys for Defendant John Grassman.

"State of Texas, County of Brazoria.

"Before me, the undersigned authority, on this day personally appeared John Grassman, who, being by me first duly sworn, on oath says that he has carefully read the above and foregoing instrument and that the facts therein stated are true and correct.

"[Signed] John Grassman.

"Sworn to and subscribed before me this the 1st day of August, A. D. 1923. R. S. Burkhart, Notary Public, Brazoria County, Texas."

On the 1st day of August, 1923, Judge M. S. Munson, judge of said district court, appointed the receiver prayed for upon the sworn application of Grassman, without notice to Scales, said order reading as follows:

"No. 16011. J. H. Scales v. John Grassman et ux.

"In the District Court of Brazoria County, Texas.

"On this the 1st day of August, A. D. 1923, came on to be heard the petition of the defendant, John Grassman, for the appointment of a receiver, and it appearing to the court that the plaintiff, J. H. Scales, and the defendant, John Grassman, each own a half interest in the property hereinafter described, and that the plaintiff has appealed from the judgment entered in this cause on the 20th day of September, 1920, wherein the defendant, John Grassman, recovered of and from the plaintiff, J. H Scales, a one half (½) interest in the said property and that the plaintiff has appealed to the Court of Civil Appeals for the First supreme judicial district of Texas, at Galveston, but has not filed in the court in this cause a supersedeas bond, and the court having considered said petition of the defendant, John Grassman, is of the opinion that a receiver should be appointed immediately for said property.

"It is, therefore, ordered, adjudged and decreed that a receiver be and is hereby appointed to take charge of the following described property: [Here follows description of the property]—and operate said gin and said corn mill, and do all the usual and customary things connected therewith.

"And it appearing to the court that B. Lockridge is a proper person to act as receiver in this cause, and that he is in no wise disqualified, and it further appearing to the court that, unless a receiver be immediately appointed pending said appeal to take charge of said property and to operate and manage the same, it will result in great and irreparable loss and damage to the said property and enterprise, it is, therefore, further ordered, adjudged and decreed that the said B. Lockridge is hereby appointed receiver of the hereinabove described property, to take charge of said property and to operate and manage said gin, and to do all other things necessary usual and customary in connection with the cotton ginning business, subject to the direction of this court; and the bond of said receiver is fixed at the sum of $1,000 on the condition and terms required by law. [Signed] M. S. Munson, Judge."

In pursuance of said order, B. Lockridge, on the 6th day of August, 1923, qualified as such receiver, in manner and form as required by law.

On the 11th day of August, 1923, J. H. Scales, filed his appeal and cost bond, and thereby perfected his appeal to this court.

Appellant attacks the appointment of the receiver upon the alleged grounds as follows:

(1) Because the court had no jurisdiction to appoint the receiver, as it was shown by the application for such appointment that the case of J. H. Scales v. John Grassman (No. 16011) was pending on appeal in this court.

(2) Because the court erred in appointing the receiver upon the petition of Grassman, without notice to appellant, in that said petition does not show that the property was in danger of being lost, moved, or materially injured; nor is there alleged therein such facts as would justify the appointment of said receiver under the usages nad rules of equity; nor does it allege the existence of such state of facts as to make such appointment necessary to protect the right of Grassman in said property; nor does it assert any cause of action against appellant, and as against him there is no prayer for relief.

(3) Because the petition does not show

wherein Grassman's interest in the property would be damaged by a failure to appoint the receiver, and does not show that the gin and grist mill would not be operated during the ginning season if such receiver was not appointed.

(4) Because the court erred in appointing the receiver without notice to appellant, Scales, as the petition for such appointment fails to disclose any necessity for or any emergency requiring such appointment without giving notice to appellant that he might protect his rights in the property.

[1] We cannot sustain appellant's first contention. That the trial court would have had the authority to appoint the receiver in question during the pendency of cause No. 16011, J. H. Scales v. John Grassman, in such court, there can be no doubt, for such authority is specially conferred by article 2128, Vernon's Sayles' Civil Statutes 1914. Such authority does not, therefore, depend in such case alone on the rules of practice in equity. We do not think it should be doubted that said court had the authority to make the appointment after the appeal had been taken in said cause No. 16011.

There is not, so far as we are informed, any court expressly empowered by statutory or constitutional law to appoint a receiver of property involved in a cause pending an appeal in an appellate court. If there is no such law, then and in that event the jurisdiction to appoint such receiver is conferred upon the district court by article 1706, Vernon's Sayles' Civil Statutes of 1914, wherein it is provided that district court shall have original jurisdiction over all causes of action whatsoever for which a remedy or jurisdiction is not expressly provided by law or the Constitution.

We think, however, there is another good reason, independent of those above mentioned, why we should hold in the present case that the trial court had jurisdiction to appoint the receiver to operate the gin and mill pending the appeal of the issues involved in said cause No. 16011. It is well settled that a court of equity should make such orders as are necessary to protect the property involved in litigation, pending the hearing and final disposition of the cause, from loss or damage, where the appellate court is without power to give such protection. Since it is shown by appellees' petition that the joint owners of the gin and mill plant in controversy could not agree as to its operation, and that should it not be operated it would probably depreciate in value, to the irreparable injury of its owners, and since the appellate court has no power to give the necessary relief, it became the duty of the trial court to make such orders as appeared to it were necessary to protect the property from loss, or injury. The power to grant such relief is in fact a power inherent in the district court by reason of the constitutional grant of equitable jurisdiction.

While there can be no doubt but that the effect of an appeal, when fully perfected by the execution of the proper supersedeas bond, is to deprive the subordinate court of all power over the subject-matter in controversy until the cause is remanded for its further action, it has been held that the district court can rightfully make such orders, pending such appeal, as are needful for the preservation of the res and rights of the parties.

In R. C. L. § 36, p. 37, it is said:

"In a proper case a receiver may be appointed, pending an appeal, but the court that rendered the decree appealed from is the proper court to hear and determine such application. In short, a receiver may be appointed at any stage of a cause, upon a proper state of facts appearing, and a prayer for the purpose in the bill is not an essential prerequisite."

In discussing matters like the one being here discussed, the Supreme Court of West Virginia, in Maxwell v. Maxwell (67 W. Va. 119, 67 S. E. 379) 27 L. R. A. (N. S.) at pages 718 and 719, said:

"If, after an appeal of a divorce case, the wife seeks to be paid suit money or maintenance pending the appeal, she must apply therefor in the circuit court. Since the matter is of original, and not appellate, cognizance, it must be litigated where there is original jurisdiction for it, and where original evidence may be heard upon it. It is no part of the appeal. It is indeed a new case. Though the procedure is collateral to a case on appeal, yet it involves a matter that is independent of any question raised by the appeal. It embraces a showing that was not made in the court below, and which therefore could not be embraced in the appeal. That showing could not be made until the appeal was taken, for the showing itself is that of the pendency of the appeal, and the necessity for suit money and maintenance which that appeal has caused. The making of this showing in the circuit court is not prevented by the appeal. That appeal affects only that which has been done by the circuit court. It removes the case to the appellate court for review of what the circuit court has already done. It does not deprive the circuit court of jurisdiction to make orders in the cause upon matters that are distinct from the questions involved in the appeal, and especially those which are in aid of the appeal. State ex rel. Bettman v. Harness, 42 W. Va. 414, 26 S. E. 270; Hutton v. Lockridge, 27 W. Va. 428; Beard v. Arbuckle, 19 W. Va. 145. An appeal does not always remove a case so as to leave the circuit court absolutely lifeless in regard to it. 'Matters independent of and distinct from the questions involved in the appeal are not taken from the jurisdiction of the trial court. Such matters as the appeal does not cover are purely collateral or supplemental, lying outside of the issues framed in the case, or arising subsequent to the delivery of the judgment from which the appeal is prosecuted. The general rule that a case leaves the jurisdiction of the trial court when an appeal is perfected is not impinged by holding that purely collateral or supplemental matters are left under the control of the trial court, notwithstanding the loss of jurisdiction over the case taken to the higher

court.' Elliott, App. Proc. § 545. This principle is wholly ignored in Cralle v. Cralle, 81 Va. 773, the case relied upon by appellant. Yet, in recognition of the principle, Judge Brannon, in State ex rel. Bettman v. Harness, supra, said: 'The appeal, however, does not cover matters not embraced within the issues made by the record, though such matters may grow out of the same subject.'"

Again:

"An expression in Beard v. Arbuckle, supra, is directly pertinent to the case before us. While it relates to the power of the circuit court to appoint a receiver in a cause which is pending on appeal, and justifies such power, yet the same is analogous to the matter at hand. The remarks are quite as applicable in asserting the power of the circuit court to award suit money and maintenance pending appeal, and in denying the jurisdiction of this court in the premises. Judge Johnson says: 'The court was asked to do something in the cause not involved in any of the decrees theretofore rendered. It was entirely independent of them, or any of them. Entirely new evidence might have been heard upon the petition, which could not be heard in this court; therefore it would not be proper for this court, pending the appeal and supersedeas, to appoint a receiver; and if such appointment could not be made by the circuit court, there might be a denial of justice.'"

It seems to us that the rule announced in the case from which we have quoted is applicable to the present case.

[2] We now come to a consideration of the contention of appellant, that the petition for the appointment of the receiver presents no such case of emergency as would authorize the ex parte appointment of the receiver without notice to appellant.

We think it has been uniformly held by the courts of this state, as well as by the courts of other states, that notice might be dispensed with in cases where it appears that an emergency for the appointment of a receiver exists, and that the delay incident to giving of notice will result in an irreparable injury. On the other hand, it has been held that, unless such emergency is shown, no ex parte appointment of a receiver should be made.

But, in the present case, the general and well-settled rule above stated 'is not, we think, applicable. It is shown that the rights of the parties to the property in question had been litigated in the court appointing the receiver, and that it had been decreed by such court that the property was owned jointly by the parties as partners, and that the owners could not agree upon an operation of the property. It is thus made to appear that there could not have been any rights of the appellant which could have been endangered by the appointment of the receiver on an ex parte hearing without notice to appellant. It seems to us that had appellant had such notice he could have urged no valid reason against the appointment of the receiver. It has been held that a receiver should be appointed to take charge of partnership property on the application of one of the partners on a showing that the parties cannot or will not arrange matters in controversy themselves, or that there is some abuse of partnership rights and property, or violation of partnership duties by the partner against whom relief is asked.

For the reasons pointed out, we affirm the judgment of the trial court in appointing the receiver.

Affirmed.