562

WOHNHAS et, Plaintiff, v. SHEPHERD, ST. CLAIR OIL COMPANY, A Corp. et, Defendants.

Common Pleas Court, Monroe County.

No. 14950. Decided March 15, 1954.

Austin C. Furbee, St. Clairsville, for plaintiff.
W. O. Chappell, Barnesville, for defendant, A. C. Shepherd.
Thornburg & Lewis, St. Clairsville, for defendants. St. Clair Oil Company.
Harry J. Iles, Henry Schneider, Sistersville, W. Va., for defendant, Charles W. Lynch.

(BELT, J, of Belmont County sitting by assignment in Monroe County.)

## OPINION

By BELT, J.:

This is an action brought by the plaintiffs to quiet title to certain real estates in Green Township, Monroe County. The petition alleges, in substance, that plaintiffs executed and delivered to defendant, Harry J. Iles, their certain oil and gas lease on the premises described in the petition under date of May 31, 1950, which lease was duly recorded. The lease provides, in substance, that it was to continue for five years and so much longer thereafter as oil or gas are produced in paying quantities. Said lease further provides that the lessee is to commence a well on said premises within three months from the date of said lease or pay to the lessor $37.50 per quarter thereafter until such well is drilled or the lease surrendered. The lease further provides that upon payment to the lessor of $1.00 and all amounts due thereunder, the lessee shall have the right to surrender the lease by written notice or by returning the lease to the lessor. There is no forfeiture clause therein.

Harry J. Iles is the President and General Manager of defendant, the St. Clair Oil Company, and owns the controlling stock therein, and said lease was taken in his name for the benefit of said corporation.

On or about the 17th day of August, 1952, plaintiffs executed and delivered an oil and gas lease on the same real estate to one, James W. Sachs, which lease was thereafter canceled and surrendered by the said James W. Sachs on or about the 4th day of August, 1953. On the 5th day of August, 1953, plaintiffs executed and delivered an oil and gas lease on said premises to defendant, Charles W. Lynch. All of said leases are recorded and in evidence and will be hereafter referred to.

Defendants, Harry J. Iles and the said St. Clair Oil Company, assigned all their right, title and interest in said lease to defendant, A. C. Shepherd, on or about the 12th day of August, 1953, which assignment is in evidence in this case. The said A. C. Shepherd claims that the original lease is a valid and subsisting lease, and the said defendant, Charles W. Lynch, claims that his lease is the only valid and subsisting lease on said premises.

The evidence shows that following the execution and delivery of the lease to the defendant Iles, the defendant Iles or the St. Clair Oil Company made a location on a farm in

the block of leases owned by him, which included plaintiffs' lands, and drilled a well; that the well was non-productive and in the latter part of 1951, not later than February, 1952, St. Clair Oil Company removed its rights and tools from the location on said block of leases in Green Township to the Northern part of Monroe County in the Beallsville district and at the same time ceased paying rentals on the Wohnhas lease and the other leases in that territory; that said company actually canceled and surrendered some of the leases in the block in question, at which time there were past due rentals on the leases canceled. The Wohnhas lease and the other leases in the block referred to, of which the Wohnhas lease was a part, was of a different form from that which Mr. Iles and St. Clair Oil Company had formerly used; (their leases having a forfeiture clause therein) and Mr. Iles believed and so testified that he supposed the leases were automatically canceled when he failed to pay the rentals called for in said leases at the time they became due and payable. Prior to defendant Shephard taking the assignment from the St. Clair Oil Company, he attempted to secure a lease on plaintiffs' property from plaintiffs but failing so to do, he suggested to Mr. Iles that the Wohnhas lease was valid and Mr. Iles was liable for the unpaid rental. Mr. Iles thereupon consulted legal counsel and found that there was liability for unpaid rentals, whereupon he sold and assigned his interest in the Wohnhas lease to defendant Shephard.

There is no forfeiture clause in the lease in question and therefore the mere non-payment of rental is not sufficient to warrant a court in decreeing a forfeiture. In fact, under the circumstances as presented by the evidence in this case, unless Mr. Iles and the St. Clair Oil Company abandoned this lease, warranting a cancellation thereof for that reason, plaintiffs are not entitled to relief in this proceeding. This presents an inquiry as to the status of the law on the subject of abandonment. Counsel for defendant Iles, St. Clair Oil Company and A. C. Shepherd have cited a number of cases to the court, which have little or no bearing on the question presented.

Summers on Oil and Gas, Permanent Edition, Volume 2 at page 454 and the following pages, Section 440 and the following sections, deals with this subject in a very elaborate way. The subject is also discussed under the title of Abandonment in **Volume 1, O. Jur., Page 4, Section 4;** also Volume 1, Corpus Juris, Section 11, in which is found the following language:

"Upon a question of abandonment, as upon a question of fraud, a wide range should be allowed as to the evidence, for

it is generally only from facts and circumstances that the truth is to be discovered and both parties should be allowed to prove any fact or circumstances from which any aid for the solution of the question can be derived."

"Where an oil lease required payment of rentals in advance to continue the·lease if a well was not completed within the time fixed, but contained no provision forfeiting the lease for nonpayment on the due date, a delay of a few days only in tendering payment does not terminate the lease, though the lessor may sue lessee for the rentals." A Kentucky Case, 247 S. W., 753.

"An oil and gas lease binding the lessee to drill a well on the leased premises within a certain period or in lieu thereof make periodical payments of rental or delay money, and containing no clause of forfeiture, is not forfeited merely by non-payment of the rental. It can be terminated only by surrender, abandonment, or expiration of the term." Reserve Gas Co. v. Carbon Black Mfg. Co., 72 W. Va., 757; 79 S. E. 1002.

In the case of **Pure Oil Company v. Sturn, 43 Oh Ap 105,** Judge Roberts of the 7th District Court of Appeals quotes with approval from the case of Orr v. The Pure Oil Company, a Licking County case, as follows:

"A mere delay for the matter of thirty days, when it is explained by circumstances such as are sought to be set up in this answer, the court does not think it would be an equitable rule to declare a forfeiture of the lease under those circumstances. If the nonpayment had continued for such a length of time through the negligence or delay of the defendant company to pay this rental in justice and equity the court ought to declare it forfeited."

In the case of Martin v. Consolidated Coal & Oil Corp., a W. Va. case, reported in 133 S. E. 626, the rules are stated as follows:

"The general rule as to oil and gas leases is that such contracts will generally be liberally construed in favor of the lessor, and strictly as against the lessee. In case of failure to begin operations or pay delay money as provided in an oil and gas lease, recovery of the delay money is not the only remedy of lessor, where the lease contains a clause giving lessee the right to surrender the lease at any time on making a nominal payment.

"Time is of the essence of every material provision of oil and gas lease conferring option or right of exploration and requiring operations to begin within a certain time; where lessee under oil and gas lease has not within reasonable time entered premises to explore or pay delay rentals provided, law

presumes abandonment; where lessee under oil and gas lease has not within rasonable time entered to explore nor paid delay rentals, lessor may by suit in equity cancel lease as cloud on title; to warrant finding of abandonment of oil and gas lease because of delay in entering to explore or failure to pay rentals, each case must depend on its own circumstances."

And the Court says that these principles are of the essence of every material provision of a lease. In the opinion the Court used the following language:

"Time is not an essential element of abandonment. The moment an intention and the relinquishment of the possession unite, the abandonment is complete. Lapse of time is, however, a circumstance to consider in determining the question of abandonment." Citing the following cases: McIntosh v. Robb, 4 Calif. App. 484, 88 P. 517 in which it was held 6 months was held an abandonment; Brown v. Vandergrift, 80 Pa. 142, 11 months; Loveland v. Longhenry (Wisconsin) 129 N. W. 650, 14 months.

"The title under an oil lease is inchoate and for purpose of exploration only, until oil and gas is found, and if not found no estate vests in the lessee."

The Court further pointed out in the above-mentioned case that a plaintiff has no adequate remedy at law; that oil and gas being a concealed substance, there is no way in which damages for the breach of a covenant can be accurately measured.

"The law recognizes, as we have said, a distinction between the abandonment of operations under an oil lease, and an intention to abandon or surrender the lease itself; and unless bound by the terms of the lease so to do, it will not permit the lessee to hold the lease without operating under it, and thereby prevent the lessor from operating on the land or leasing it to others." Citing Parish Fork Oil Co. v. Bridgewater Gas Co. (W. Va.) 42 S. E. 665.

The Court further said:

"In construing contracts relating to oil and gas in place, and creating reciprocal rights in respect to it, this court has always recognized an implied obligation or covenant on the part of the lessee to develop the property with reasonable diligence, so that the lessor may come into possession of the benefits which it was intended he should receive, as otherwise the contract would be one-sided."

Again quoting:

"This court has held that though a lease contains no express provision of forfeiture, under some circumstances of

delay or fraudulent evasion of duty of development, equity will cancel an oil lease, as development is regarded as the real intent of the lessor." Bettman v. Harness, (W. Va.) 26 S. E., 270 and 271.

The Court ordered the lease canceled, saying that the lessee had no vested estate as no possession had been taken and that his right was only inchoate. The Court in the above mentioned case exploded the idea that the only remedy lessor has is to recover delay money or for damages for violation of the lessee's covenant to drill, saying:

"Two years later the lessee has neither drilled nor paid rentals—has in fact done nothing more than take the lease from the hands of the lessor and put it to record. This in the face that the consideration for the lease was that the lessee 'perform the covenants and agreements' therein contained. Does not this constitute an abandonment? In the absence of extenuating and qualifying circumstances, which of course may be shown by the defendant on the final hearing, we would say that it does."

In the case of Smith v. Root, reported in 66 S. E. 1005, a W. Va. case, the second and third syllabi read as follows:

"An oil and gas lease giving the lessee the right, for the period of ten years, to explore for oil and gas, and providing that if a well is not completed on the leased premises within three months from the date of the lease the lessee shall pay to the lessor, in advance, a quarterly cash rental for each additional three months the completion of a well is delayed is an executory contract and vests no title in the lessee to the oil and gas in place.

"Such a contract contemplates development of the leased premises within a reasonable time, and the lessee may lose his rights thereunder before the expiration of the ten years by abandonment of the lease, notwithstanding there is no forfeiture clause in the contract."

The lease in question in the above-mentioned case is substantially the same as the Iles lease in this case. The Court said, in substance, that a lessee may abandon the premises notwithstanding there is no forfeiture clause. The failure to pay the cash rentals may not alone be sufficient but his failure to pay, taken in connection with other facts, evincing a clear intention to abandon the enterprise, coupled with the fact that no operations were begun, is sufficient to prove relinquishment of lessee's rights. The Court, in the opinion, said one other significant thing and that is, that the defendant claimed, as is claimed in the case at bar, that he had a misapprehension of his legal rights. In other words, he

had made a mistake of law by which she should not be bound. The answer is given, "But if such was their understanding of the agreement, and they acted upon it, how can they be heard to complain of their own mistake of law?" The Court further said:

"Failure to pay the quarterly rentals, taken by itself would not be sufficient to prove intention to abandon, but it is an evidential fact which may properly be considered in determining intention. It materially strengthens the evidence of intention to abandon which other facts tend to prove."

See also: Marshall v. Forest Oil Co., (Pennsylvania), reported in 47 Atlantic 927.

See Williamson v. Jones, (W. Va.), 27 S. E. 411; Crawford v. Ritchey, (W. Va.), 27 S. E. 220; Eclipse Oil Co. v. South Penn Oil Co., (W. Va.), 34 S. E. 923; Urpman v. Lawther Oil Co., (W. Va.), 44 S. E. 433; Harris v. Riggs, (Indiana), 112 N. E. 36; Tucker v. Watts, 15 Ohio Circuit Decisions 320, third paragraph of the syllabus; **Pure Oil Co. v. Sturm, 43 Oh Ap 105,** paragraph two of the syllabus.

Applying the evidence in this case to the question of whether or not defendants Iles and St. Clair Oil Company abandoned the lease in question, we make the following findings: That said defendants regarded the lease as having been abandoned; they felt that they had no right, title or interest therein until they were told by legal counsel that they were liable under the terms of the lease for the past due rentals; they removed their rig and equipment from the territory and paid no rentals for a considerable period of time on any of the leases in the block. Plaintiff, Mr. Wohnhas, called upon Mr. Iles about a month after the unpaid rental became due, which would be on or about the 1st day of March, 1952, and, being unable to see defendant Iles, called at his home and told his wife that a rental was due and unpaid; that he either wanted the rental, a well drilled or the giving up of the lease. Thereafter, not having heard from Mr. Iles, he leased the property to Mr. Sachs and received rentals for about six months. Mr. Sachs gave up his lease and the property was again leased to the defendant, Charles W. Lynch. The further testimony is that Mr. Iles told two or three witnesses that he was through; that he had nothing in the West Union Field. Mr. Iles also testified that he told Charlie Wright that he didn't have any leases in the West Union Field. The question is:

Q. Well, until you were told, you were of the impression you had no leases there?

A. That's right.

Q. And up until the time you learned that in 1953, you were

of the opinion your leases were no good and you had not paid the rentals on them for that reason, is that so?

A. I expect that's right.

In a letter written by the St. Clair Oil Company to one of the lessors in that block, we find this statement, "We desire to cancel as we do not expect to be drilling here." Taking all of those things into consideration, the failure to pay rentals even after a request was made by the plaintiff; the moving of equipment to a far away territory; the various statements made, together with the lapse of one year and a half of inaction would seem to the Court to not only be proof but conclusive proof of abandonment even though the defendants were mistaken as to the law and their rights thereunder.

The Court finds upon a consideration of all of the evidence in this case that the defendants, Iles and St. Clair Oil Company abandoned all their right, title and interest in and to the lease in question in this case and that the same should be and hereby is canceled. The Court is of the opinion that the law pertaining to the question of abandonment is fairly uniform in the various states and that abandonment is recognized in Ohio as a ground for cancellation. Counsel for plaintiff may prepare a proper entry in this case in accordance with the foregoing opinion and decision and submit it to other counsel and to the Court.