# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Arvind Patel,**
**Petitioner below, Petitioner**

**FILED**

**October 11, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0992**   (Ohio County 18-MAP-1)

**Village of Bethlehem,**
**Respondent Below, Respondents**

### MEMORANDUM DECISION

Petitioner Arvind Patel, pro se, appeals the October 12, 2018, order of the Circuit Court of Ohio County finding petitioner guilty of two traffic related violations of the Bethlehem Code of Ordinances. Respondent Village of Bethlehem, by counsel T.C. McCarthy, Jr., filed a response in support of the circuit court order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 26, 2018, petitioner was operating a vehicle in the Village of Bethlehem when he was stopped by Officer Eastham of the Village of Bethlehem Police Department. Petitioner was charged with driving a motor vehicle at a speed of thirty-one miles per hour in a fifteen mile per hour school zone. Petitioner was also charged with failing to produce a valid certificate of proof of motor vehicle insurance for the vehicle being driven at the time of the traffic violation.

The Bethlehem Municipal Court held a hearing on petitioner's citations on July 11, 2018. Petitioner challenged the charges noting errors on the citation[1] and further challenged the sufficiency of the evidence. During the hearing, Officer Eastham testified as to the circumstances surrounding the charges and was cross-examined by petitioner. Following the conclusion of the testimony by the police officer and Mr. Patel, and considering the evidence submitted, Mr. Patel was convicted of two charges: (1) driving a motor vehicle on April 26, 2018, at a speed of thirty-one miles per hour in a fifteen mile per hour school zone in the Village of Bethlehem in violation of § 71.03 of the Bethlehem Code of Ordinances; and (2) failing to produce a valid certificate of

---

[1] Petitioner argued that the citation had numerous errors, including the wrong name and date of birth. However, petitioner did not dispute that he was driving the vehicle at the time that it was stopped by Officer Eastham.

proof of motor vehicle insurance for the vehicle being driven by Mr. Patel in violation of § 72.04 of the Bethlehem Code of 1976.

Petitioner appealed the ruling of the municipal court to the Circuit Court of Ohio County. The circuit court held an initial hearing on September 4, 2018. Thereafter, it held a final evidentiary hearing on September 26, 2018. Petitioner challenged defects on the citations and the sufficiency of the evidence. At the final hearing, Officer Eastham again provided testimony as to the circumstances surrounding the charges. Additionally, petitioner testified. Although petitioner contested both charges at the hearing, he failed to provide evidence of insurance coverage in place at the time of the offense.[2] Following the testimony and presentation of the evidence, the circuit court found petitioner guilty of the two charges and assessed a fine of $360.[3] The circuit court's ruling was memorialized in an October 12, 2018, order. It is from this order that petitioner appeals.

On appeal, petitioner sets forth several assignments of error. Namely, petitioner raised issues relating to the sufficiency of the evidence and errors related to credibility determinations reached by the circuit court.[4]

---

[2] Upon appeal to this Court, petitioner provided an insurance declaration page that indicates that his coverage began on December 19, 2017. As this document was not presented in the case below, this document will not be considered. This Court has long held that an appellate "court cannot hear evidence other than that brought up for review, except in the exercise of original jurisdiction. . . . [This] means that [an appellate court] shall deal only with evidence taken below and brought up for the purpose of a review of an order or decree made upon it below. It means that in using our appellate powers we shall consider no other evidence[.]" *Maxwell v. Maxwell*, 67 W. Va. 119, 122-23, 67 S.E. 379, 380-81 (1910). "Accordingly, it is the parties' duty to make sure that evidence relevant to a judicial determination be placed in the record before the lower [tribunal] so that [it] may properly [be] consider[ed] . . . on appeal." *West Virginia Dep't. of Health and Human Res. ex rel. Wright v. Doris S*., 197 W. Va. 489, 494 n.6, 475 S.E.2d 865, 870 n.6 (1996). *See also Pearson v. Pearson*, 200 W. Va. 139, 145 n.4, 488 S.E.2d 414, 420 n.4 (1997) ("This Court will not consider evidence which was not in the record before the circuit court."); *Powderidge Unit Owners Assoc. v. Highland Props., Ltd*., 196 W. Va. 692, 700, 474 S.E.2d 872, 880 (1996).

[3] Petitioner was assessed the same fines in the circuit court proceeding that he was ordered to pay in the municipal court proceeding. Specifically, he was fined $140 for the speed violation and $220 for the violation stemming from his failure to produce a valid certificate of proof of motor vehicle insurance. Since he had already satisfied these fines, the circuit court ruled from the bench that the fines did not need to be paid again.

[4] On appeal, petitioner also claims that his due process rights were violated when he was not given the recording of the municipal court hearing. He argues that the trial should have been continued since the transcript from the municipal court hearing was incomplete and he was not given the audio recording. We disagree. Although the Municipal Court of the Village of Bethlehem is not a court of record, portions of this hearing were recorded and a transcript of the audible information that could be transcribed was provided to petitioner during the pendency of the appeal below. The municipal court judge submitted an affidavit to this Court that he "used a hand held

We apply the standard for reviewing a judgment entered following a bench trial:

"In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review."

Syl. Pt. 1, *State v. Mechling*, 219 W. Va. 366, 633 S.E.2d 311 (2006) (quoting Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996)).

Petitioner challenges the sufficiency of the evidence related to the convictions and maintains that the circuit court erred in finding him guilty. In syllabus point 1 of *State v. Guthrie,* 194 W. Va. 657, 461 S.E.2d 163 (1995), this Court clarified the appellate standard of review where a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction:

The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

This Court has long held that "a criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden." *Id.* at 669, 461 S.E.2d at 175. Based upon our review of the record, including transcripts from the Circuit Court of Ohio County, we note that petitioner was given broad latitude to present his case, introduce evidence, and cross-examine the adverse witness at trial. Notwithstanding, based upon the evidence admitted at trial, we conclude that circuit court did not abuse its discretion when it ruled that petitioner was driving the subject motor vehicle on April 26, 2018, at a speed of thirty-one miles per hour in a fifteen mile per hour school zone in the Village of Bethlehem and that petitioner failed to produce a valid certificate of proof of motor vehicle insurance at the time of his traffic violation.

Additionally, petitioner repeatedly attacks Officer Eastham's credibility. As we have long held, credibility determinations are for the trier of fact and not an appellate court. *Id.* Here, the circuit court served as the finder of fact and assessed the credibility of the witnesses. Accordingly, this Court refuses to make a credibility determination as to Officer Eastham or petitioner.

---

digital recorder to try and record the testimony in the Patel matter, because Defendant Patel's accent is very difficult to understand, and Defendant Patel was in a combative mood causing interruption of the police officer's testimony and disruption of the entire court trial process." This transcript and affidavit were also supplied by the respondent to this Court.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 11, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison